CASON *et al.*, Defendants, v. CASON *et al.*, Plaintiffs in Error.

1. Where a father gives money to his married daughter, though not to her separate use, and the husband purchases land therewith in his own name, such land will be deemed to have come to the husband in right of the marriage within the meaning of the third section of the dower act of 1845, (R. C. 1845, p. 430, § 3,) and if it remain undisposed of at the death of the husband, the widow will be entitled to it.

2. Resulting trusts are not within the statute of frauds.

*Error to Callaway Circuit Court.*

This was an action for partition of lands commenced by the collateral heirs of Larkin Cason, deceased, against his widow. With respect to one tract of eighty acres the widow set up as a defence that it did not belong to said Larkin Cason, inasmuch as it had been purchased with money given to her by her father James Luggett to be invested for her in land. With respect to this matter the court found the facts to be as follows: " That James Luggett, the father of defendant, after her intermarriage with the intestate Larkin Cason, gave to her the sum of two hundred dollars to purchase land, and that said fund came to the possession of said Larkin, who entered the east half of the north-west quarter of section 24, township 45, range 11, in his own name, with a portion of said fund; but, it not appearing to the satisfaction of the court that said money was given for the separate use of the defendant, it is considered and adjudged that the petitioners are entitled to partition thereof as heirs at law of said Larkin Cason."

*Hardin*, for plaintiff in error.

I. The land in question came to the husband in right of his wife. The court erred in declaring the law of the case.

*Jones & Hayden*, for defendant in error.

I. Whether there was a trust intended by James Luggett, the father of Mary Cason, was purely and simply a question of fact arising upon the oral testimony of the witnesses. It was a question peculiarly within the province of a jury or the court sitting as a jury, and this court will not disturb the judgment rendered in the cause. (Cadwallader v. Cadwallader, 26 Mo. 76.) There was neither an express trust nor a resulting trust proved. (Thompson v. Renoe, 12 Mo. 158; Rotsford v. Burr, 2 Johns. Ch. 408, 444; 5 Johns. Ch. 19.) Before equity will compel the husband or his representatives to execute a trust, there must be clear and unequivocal evidence of the trust sought to be established. (Walker v. Walker, 25 Mo. 367.) There was no error in excluding the will of James Luggett from the consideration of the court. This land did not revert to the wife under the fifth section of the dower law. We insist that the statute was intended to apply only to the specific property of the wife remaining undisposed of. Assuming even that there was a trust intended by the parties, there is authority for saying that even a resulting trust to James Luggett could not be proved by parol against the patent after the death of Larkin Cason, the alleged nominal purchaser. (1 Sand. on Uses and Trusts, 354; Roberts on Frauds, 99; Chalk v. Danvers, 1 Ch. Cas. 310.) The rule that money directed to be laid out in land is considered as land has no application to the fifth section of the dower act.

SCOTT, Judge, delivered the opinion of the court.

We are of the opinion that the facts found by the court do not warrant the judgment. The question involved in this controversy is not, whether the land in part sought to be divided is the separate property of the wife, or whether the

money with which it was purchased was given for her separate use as against purchasers and creditors according to the general principles of law regulating the marital rights of husband and wife ; but the case involves the construction of the third section of the act concerning dower of the code of 1845. If a father give his daughter money, though not to her separate use, with which property is purchased by her husband, from the spirit of the section under consideration a use results to the surviving wife, although, as against purchasers and creditors, that property would not be regarded as belonging to her. We regard the section under consideration as intending to give the wife the property which came to the husband by means or in virtue of the marriage. The father never would have given the money but for the marriage. The wife was the meritorious cause of the acquisition of the property. In this sense it may be said that the property came to the husband, in right of the marriage. The object of the statute was to restore to the widow the property undisposed of, which came from her side or family, as there was no issue of the marriage. The plaintiffs here are collateral relations of the husband and have no claim founded in reason or in nature to property acquired by means of his wife, who is a stranger to them. The act of 1849 concerning married women exempted from the payment of the husband's debts property acquired by the wife during the marriage, and which, according to general principles, belonged to the husband. So in the construction of the fourth section of the dower act, it has been twice held by this court that where a female slave is given to the wife, thereby by operation of law becoming the property of the husband, and issue is born of that slave during the marriage, such issue is property coming to the husband in right of his wife by means of the marriage, and the wife will be entitled to the same as dower under that section.

There is no principle on which the argument can be supported that the trust resulted to the father of the defendant as he advanced the money. So soon as the money was receiv-

ed it was clothed with a trust for the benefit of the wife. As the husband received the money as a gift to his wife, it became hers under the equity of the dower law ; and if he invested it in other property, a trust would result to her. Nothing is better settled than that resulting trusts are not within the statute of frauds or perjuries.

Reversed and remanded; Judge Richardson concurs. Judge Napton absent.