Shaw v. Shaw.

SHAW, *Appellant*, v. SHAW.

1. **Trusts and Trustees.** Where fiduciary relations exist between parties, the trustee cannot purchase property in which his beneficiary has an interest, without such property becoming impressed in his hands with the nature of the trust, and it makes no difference that the trustee did not purchase at the sale, but afterwards and during the existence of such relations, took the bid of a stranger off his hands.

2. **Resulting Trusts :** STATUTE OF FRAUDS : EVIDENCE. Resulting trusts are not within the statute of frauds, and parol evidence may

be resorted to, to establish them, but to have that effect, such evidence must be almost conclusive in its character.

3. —— : PURCHASE-MONEY. The controlling question in the consideration of resulting trusts is the ownership of the purchase money. If such ownership be established in such manner as to leave no room for reasonable doubt in the mind of the chancellor, the resulting trust springs into being, by implication of law, and follows the ownership of the money. And the same rule holds as to a portion of the purchase money as to all of it, the resulting trust attaching in the ratio of ownership.

4. **Practice** : JURISDICTION : APPEAL. The circuit court does not, by granting an appeal, lose jurisdiction in a cause, and a bill of exceptions may be filed and acted upon after appeal granted.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Lackland & Wilson* for appellant.

(1) When a person has money of another in his hands and purchases real estate with it and takes the deed in his own name, a resulting trust arises in favor of the one who advances the money in whole or in part. The resulting trust arises, whether the money is put into the hands of the alleged trustee expressly for the purpose of buying the land, or whether the alleged trustee, having the money already in his hands for another purpose, invests it in land in his own name, without the knowledge of the owner of the money. "A similar rule prevails in cases where the consideration proceeds from two or more jointly, and the conveyance is taken in the name of one of them only. A resulting trust will arise in favor of the parties not named in the conveyance, in proportion to the amount of the consideration which they may have respectively contributed." Hill Trustees, 92, side page, and note ; 38 Mo. 41. The statute of frauds is intended to prevent frauds, and not to promote and sustain frauds. R. S. 1879, sec. 2512 ; *Stephenson v. Smith,* 7 Mo. 610 ; *Rankin v. Harper,* 23 Mo. 579 ; *Baumgart-*

*ner v. Guessfield*, 38 Mo. 36, 41 ; *Thomson v. Reuse*, 12 Mo. 157 ; *Rose v. Bates*, 12 Mo. 30, 51 ; *Paul v. Chouteau*, 14 Mo. 580 ; *Valle v. Bryan*, 19 Mo. 423 ; *Grove's Heirs v. Fulsome*, 16 Mo. 543 ; *Carman v. Johnson*, 20 Mo. 108, 110 ; *Cason v. Cason*, 28 Mo. 47 ; *Kelly v. Johnson*, 28 Mo. 249 ; *Key v. Jennings*, 66 Mo. 366 ; 2 Story's Equity, sec. 1201, 634–636 (6 Ed.) ; *Hale v. Stuart*, 76 Mo. 20, 22 ; *Buren v. Buren*, 79 Mo. 538. (2) The findings of the trial court are fully and clearly sustained by the evidence in this case, and this court will defer somewhat to the findings of such court on matters of fact, even in equity cases. *Ryan v. Young*, 79 Mo. 34 ; *Hendricks v. Woods*, 79 Mo. 599 ; *Boyle v. Jones*, 78 Mo. 406 ; *Chapman v. McIlwrath*, 77 Mo. 43 ; *Chouteau v. Allen*, 70 Mo. 336. The finding of a chancellor will not be disturbed by the Supreme Court, unless he has manifestly disregarded the evidence. *Snell v. Harrison*, 83 Mo. 651 ; *Ford v. Phillips*, 83 Mo. 523. (3) There is no legal bill of exceptions in this case. The court had no right to allow the bill of exceptions to be filed after the appeal was granted. There was no agreement between counsel or consent of court, and the court had lost jurisdiction by granting the appeal. A new paper cannot be filed in the case after an appeal is taken (*Ladd v. Couzins*, 35 Mo. 513, 515 ; *Stewart v. Stringer*, 41 Mo. 400), and the power of the inferior court over the subject is exhausted. *Bril v. Meek*, 20 Mo. 358.

*T. F. McDearmon* for respondent.

(1) "To warrant the destruction of a legal title by decree of a resulting trust, the proof should be of the most conclusive character." *Sharp v. Berry*, 60 Mo. 575 ; *Kennedy v. Kennedy*, 57 Mo. 73 ; *Ringo v. Richardson*, 53 Mo. 394 ; *Forrister v. Scoville*, 51 Mo. 268 ; *Johnson v. Quarles*, 46 Mo. 423 ; *Snelling v. Utterback*, 1 Bibb, 609 ; *Baker v. Aining*, 30 Maine, 121 ; *Malin v.*

*Malin,* 1 Wend. 625 ; *Enos v. Hunten,* 9 Ill. 211 ; *Boyd v. McLean,* 1 Johns. Ch. 582 ; *Faringer · v. Ramsey,* 2 Md. 365 ; *Id.* 447 ; *Holiday v. Shoop,* 4 Md. 465 ; Leading Cases in Equity (Hare & Wal. notes) 272, 276, 280, 283 ; Hill on Trusts, 148, 149, 151. (2) "If one who stands in no fiduciary relation to another, appropriates the other's money, and invests it in real estate, no trust results to the owner of the money." 1 Perry on Trusts, p. 144, sec. 128. The testimony in the case shows that the defendant, at the time of the purchase of the property, was not standing in any fiduciary relation to the plaintiff, or acting in any fiduciary capacity for her. (3) Even if the testimony establishes a trust, the judgment is excessive. (4) It was error for the circuit court to make the judgment a special lien on the real estate, and order it sold and a special *fieri facias* for this purpose.

SHERWOOD, J.—This proceeding was instituted in the St. Charles circuit court, having for its object the enforcement of a resulting trust and for an accounting. As the substance of the evidence will accompany this opinion, it is unnecessary to encumber it with the details of the testimony. It will only be requisite, therefore, to state in brief the deductions we make from that testimony, and our reasons therefor.

I. The admissions made by the defendant when testifying, as well as other testimony in the cause, establishes, beyond doubt or question, the existence of fiduciary relations between the plaintiff and the defendant. It cannot be doubted that those relations existed at the time of the purchase of the property by Field, and that if the defendant, instead of Field, had made that purchase, the property bought in the first instance would have borne the impress and felt the force of those fiduciary relations. But the complexion of this case is no ways altered, because of defendant taking the bar-

gain of Field off his hands. He remained a fiduciary until the purchase from Field was fully consummated, and he could no more throw off the trust he had assumed by purchasing from Field, than if he had bought directly at the sale. And his own admissions made, when on the witness stand, show that when he bought from Field, paid him one hundred dollars, and took his receipt, he was still acting in his voluntary assumed capacity of trustee for the protection of his sister's interests.

II.   But aside from any question of fiduciary relations, the evidence is sufficient to   establish a resulting trust in behalf of the plaintiff. Such trusts are not within the statute of frauds (R. S., sec. 2512 ; *Grove v. Fulsome*, 16 Mo. 543; *Cason v. Cason*, 28 Mo. 47), and parol evidence may, therefore, be used to establish them. It is true, such evidence must be well nigh conclusive in its character ; but the main point, the controlling question in inquiries of this nature, *is the ownership of the purchase money.* If such ownership be established by parol in such manner as to leave no room for reasonable doubt in the mind of the chancellor, the resulting trust springs into being by implication of law, and follows the ownership of the money.   There is no dispute in this case as to the ownership of the stock in question, and the only matter really in dispute was whether it was loaned to defendant by plaintiff. On this point, the direct testimony on the part of plaintiff, as well as the acts of the defendant, are inconsistent with the idea of a loan and repugnant thereto.   It must be obvious that the circumstances of this case differ, and differ widely, from those which formed the bases of adjudications cited by counsel for defendant.   We still adhere to those adjudications, but hold, also, that the ownership of the stock, having been unquestionably established to be in the plaintiff, and no loan having been satisfactorily proven by defendant, the usual results must follow such a state-

of facts. And the same rule holds as to a portion of the purchase money as to all of it, the resulting trust keeping tally with the ratio of ownership. *Baumgartner v. Guessfield,* 38 Mo. 36.

III. It is urged by plaintiff that the appeal in this cause was taken long prior to the filing of the bill of exceptions; that though that bill was filed during the term, that the circuit court had no jurisdiction to act after appeal granted, and, therefore, the court of appeals had nothing to act upon. We have ruled to the contrary of this position in *State v. Lewis,* 71 Mo. 170.

The judgment of the court of appeals is reversed, and that of the circuit court affirmed. All concur.