HOCKENSMITH'S LEGATEES, Appellants, v. HOCKEN-
SMITH'S EXECUTOR, Respondent.

Kansas City Court of Appeals, March 26, 1894.

1. **Administration:** RESTORATION OF WIFE'S PERSONAL ESTATE: STATUTE. Section 4518, Revised Statutes, 1889, endowing the widow of a childless husband, restores to her absolutely and free of any debt of the husband all the property which the wife brought into the marriage relation, and gives her absolutely, after payment of the husband's debts, one-half of the property, real and personal, belonging to the husband in his own right.

2. ———: WIFE'S MONEY UNDISPOSED OF. On the facts of this case, *held*, the money the wife brought the husband was undisposed of within the meaning of the statute, though mixed with the husband's own money.

3. ———: HUSBAND TRUSTEE: MINGLED TRUST FUND. Under the above statute the husband becomes the trustee for the wife as to the money she brought into the marriage relation, and the trust remained impressed upon it even intermixed in bank with the funds of the trustee.

4. **Trust and Trustee:** FOLLOWING TRUST FUND: EARMARKS. Trust money does not have to be distinguished by earmarks and, though it be impossible to follow the fund in its diverted uses, it is always possible to make it a charge upon the estate to the increase or benefit of which it has been appropriated.

*Appeal from the Howard Circuit Court.*—HON. JNO. A.
HOCKADAY, Judge.

AFFIRMED.

*John E. Burden* for appellants.

(1) The trial court erred in finding Gussie V. Hockensmith entitled, as distributee, to the $550 as property received from her by her husband, Joseph Hockensmith. At common law, marriage vested in the husband the personal property of the wife then owned or thereafter acquired by her and of which he obtained possession. *White v. Clasby,* 101 Mo. 162. Since the act of March 25, 1875, new section 6869, Revised Statutes, 1889, in cases where the marriage occurred since said act, the husband cannot reduce the personal property of the wife to his possession for his own use, without the written assent of the wife, but the same shall remain her separate property, and the only evidence of the right of the husband to so reduce the property of the wife to his possession and use is the written assent of the wife. *Broughton v. Brand,* 94 Mo. 174. (2) The first section of 4518, Revised Statutes of Missouri, 1889, does not apply to the facts in the case at bar. *First.* Since the said act of March 25, 1875, there can be no such fact as real or personal estate coming to the husband in right of the marriage. *Gilliland v. Gilliland,* 96 Mo. 522. *Second.* There is no evidence in this case that any personal property of the wife, Gussie V. Hockensmith, came to the possession of the husband, Joseph Hockensmith, with the written assent of the wife. *Third.* There is no evidence in this case that any personal property of the husband, which came to his possession with the written assent of the wife, remained undisposed of. (3) Section 4518 has reference to specific personal property, received by the husband of the wife remaining undisposed of by him. R. S. 1889, sec. 4518; *Gilliland v. Gilliland, supra*; *Hornsey v. Casey,* 21 Mo. 545; *Cason*

*v. Cason*, 28 Mo. 47; *Herndon v. Herndon*, 27 Mo. 42; *Gamble v. Gamble, Adm'r*, 7 Mo. 469.

*Draffen & Williams* with *Thomas Owings* for respondent.

(1) The $550 ordered paid to the widow came to the husband "in right of the marriage" within the meaning of the statute. 1 R. S. 1889, sec. 4518; *Cason v. Cason*, 28 Mo. 47; *Herndon v. Herndon*, 27 Mo. 421. (2) It was not necessary for the widow to show that the identical dollars that she delivered to her husband were laid away by him unused, and that they so remained till his death. The form of the property that came to the husband in right of the marriage might be changed many times, and yet the property "remain undisposed of," within the meaning of the dower law. *Cason v. Cason, supra.*

GILL, J.—Respondent's counsel thus fairly states the nature of this controversy:  This is an appeal from an order of distribution of the estate of Joseph Hockensmith, deceased.  The sole controversy is as to that part of the order directing the payment of $550 to his widow.  They were married on October 29, 1883, and at the time of the marriage the wife had $550 in money, which she delivered to her husband, the deceased.  Subsequently he signed and gave to her the following statement or receipt:

"Received of Gussie Miller, when I married her, five hundred and fifty dollars, which she is to have back at my death, independent of my other property, provided she outlives me, without interest.

"Witness my hand and seal, this November 6, 1884.

"(Signed)   JOSEPH HOCKENSMITH."

"Witness:  Mary M. Crosswhite."

Joseph Hockensmith died in April, 1891, without leaving a child or other descendant in being capable of inheriting. His will was duly established, and the second clause contained this statement: "I will that my wife, Gussie V. Hockensmith, shall have five hundred and fifty dollars out of my estate before any distribution, that being the amount of money she had on hand at the time of our marriage." The will then makes certain provisions for his wife, and gives the remainder of his estate to his brothers and sisters—appellants herein. The widow refused to accept the provisions made for her by the will, and filed her renunciation in proper time, and also duly elected to take, under section 4518 of the Statutes of 1889. Her election, in writing was duly acknowledged, filed and recorded, as required by the statute. The inventory of the estate showed that, at the time of his death, the said Joseph Hockensmith had in bank $700 or $800, and several thousand dollars in notes. The probate court ordered the $550 paid to the widow, under the first clause of said section 4518. The brothers and sisters of deceased appealed to the circuit court of Howard county, where, upon a trial anew, a similar order of distribution was made, and they have appealed to this court.

The section of the statute under which the widow-Hockensmith claims title to the money in controversy reads thus: "When the husband shall die without any child or other descendant in being capable of inheriting, his widow shall be entitled: *first*, to all the real and personal estate which came to the husband in right of the marriage, and to all the personal property of the husband which came to his possession with the written assent of his wife, remaining undisposed of, absolutely, not subject to the payment of the husband's debts; *second*, to one-half of the real and personal estate belonging to the husband at the time of his

death, absolutely, subject to the payment of the hus-
band's debts." R. S. 1889, sec. 4518.

In our opinion, the enforcement of this statute,
according to its plain and manifest purpose, must sus-
tain the judgment of the lower court.   In thus endow-
ing the widow of a childless husband, there was a clear
intent by the law makers to make to her a very liberal
allowance.   Two classes of property are dealt with by
the section:  First, all property which the wife brought
into the marriage relation (and whether reduced to the
husband's possession or not); and, second, that prop-
erty, real and personal, belonging to the husband in his
own right.   The first is intended to be restored to the
wife, absolutely, and free of any debts the husband may
owe at his death; while as to the second class (or that
belonging to the husband in his own right), the wife is
given the one-half, absolutely, after the payment of such
debts.   The $550 here in dispute came to Mr. Hocken-
smith by means, or in virtue, of his marriage with the
wife, Gussie Hockensmith, and, hence, comes under the
first of the above classification, and should, in pursu-
ance of said section 4518, be returned to her.   Said fund
remained, too, undisposed of, within the meaning of
the foregoing statute, although the husband mixed the
same with his own money.   When Mr. Hockensmith
took possession of this money, he did so as trustee for
his wife, and this trust remained impressed upon it,
even in the bank, intermixed with the funds of the
trustee.   Harrison v. Smith, 83 Mo. 210.   The courts
of this state no longer recognize the rule that trust
money mixed with other money can not be followed
because it can not be distinguished by earmarks.
"While it may be impossible to follow the fund in its
diverted uses, it is always possible to make it a charge
upon the estate or assets, to the increase or benefit of
which it has been appropriated."   Stoller v. Coates, 88

Mo. 514. Under this equitable doctrine, then, the money in dispute was, at the husband's death, still the property of the wife, and remained, as to her rights, undisposed of. The husband left the same intermingled with his own, to his credit in the bank; and, according to what Judge SCOTT terms the "equity of the dower law," it ought to be returned to his wife on her election to take under the provisions of said section 4518. See *Cason v. Cason*, 28 Mo. 47.

The other points mentioned in appellant's brief are considered and held without merit. The judgment of the circuit court was for the right party and will be affirmed. All concur.