1815.

Wooster v. Woodhull.

WOOSTER AND OTHERS *against* WOODHULL.

*October* 7th.

A defendant, who has suffered the bill to be taken *pro confesso*, and a decree, by default, to be entered against him, may, under the special circumstances of the case, be let in to a defence, on terms; it resting in the sound discretion of the court to relieve the party, or not, from the consequences of his default.

But where there had been gross negligence on the part of the defendant, and the principal and most material witness of the plaintiff had died since the bill was filed, the court refused to relieve the defendant, as opening the decree would produce irremediable injury to the plaintiff.

THE *petition* of the defendant stated, that on the 1st of *February*, 1798, he obtained a judgment, in the supreme court, against *George W. Cook*, for 1,600 dollars; that in 1813, he sued out execution on the judgment, and was pro-

1815.

WOOSTER
v.
WOODHULL.

ceeding to sell the lands of *Cook*, which were bound by the judgment, situate in *Norway*, in the county of *Herkimer*, when the plaintiffs, in *August*, in 1813, filed their bill in this court, stating that they were the owners of the land, having acquired a title under *Cook*, since the judgment; and charging that the judgment had been paid and satisfied; that the judgment had been revived by a *scire facias* awarded against, and served upon, *Cook*, personally, who is insolvent, and not upon the ter-tenants; and the bill prayed for a perpetual injunction, &c. That the *subpœna* to appear, &c., was served on the defendant, who employed a solicitor to appear and prepare an answer for him, and for which the defendant gave him the necessary instructions. That the answer was drawn and sworn to, and had never been filed; but why it was not done in proper time, the defendant did not know, having recently discovered the fact; that the answer was not sworn to until after the perpetual injunction had been awarded, but before the defendant, or his solicitor, knew of a decree by default; that the decree was never served on him or his solicitor; that, a short time before the last *June* term, he obtained a copy of a decree, which appeared to have been entered by default, the 30th of *April*, 1814, and by which the defendant was perpetually enjoined from proceeding on his judgment against the real estate of *Cook*; that there was no decree for costs; but, in the autumn of 1814, a taxed bill, to the amount of 90 dollars and 20 cents, was demanded of him, which he paid; that the judgment of the defendant is legal, and his debt, being 800 dollars, with interest, will be lost, unless the amount can be levied on the lands of *Cook*; and that he has a good defence to the bill, &c. The petitioner prayed that the decree, entered by default, might be vacated, and the defendant be let in to make his defence; and that the costs which he had paid should be refunded.

*T. S. Wooster*, one of the plaintiffs, in his affidavit, stated, that *William H. Cook*, the principal, and a very mate-

rial, witness for the plaintiffs, who was living at the time the bill was filed, had lately died ; that if the defendant had put in an answer to the bill, according to the course of the court, the testimony of that witness might have been taken ; and that, if the decree should be opened, great and manifest injustice would be done to the plaintiffs, for want of that testimony. It appeared from the affidavit of the solicitor of the plaintiffs, that the rule for the defendant to appear and answer was entered the 27th of *August*, 1813, after personal service of the *subpœna ;* on the 21st of *October*, 1813, the bill was taken *pro confesso*, for want of appearance and answer, and on the 30th of *April*, 1814, a final decree was entered; that, on the 1st of *October*, the costs in the cause were taxed, and the bill presented to the agent of the defendant on the 20th of *October*, who requested that the decree, by default, might be waived, which was refused ; that, soon after, the solicitor of the defendant applied to have the default waived, saying he had been employed to draw and file the answer, but had neglected to do it; that, on the 5th of *November*, 1814, the defendant's agent paid the costs; that he, the solicitor of the plaintiffs, did not know, until *September*, 1815, that the decree was silent as to the costs.

1815.

WOOSTER
v.
WOODHULL.

*Riggs*, in support of the petition, cited 1. *Dickens' Rep.* 61. 131. 145. 298. 2 *Dickens' Rep.* 782. *Ambler*, 89. 2 *Bro. C. C.* 279.

*Wells*, contra.

THE CHANCELLOR. The interference of the court, to relieve a party from the consequences of his default, must depend upon sound discretion, arising out of the circumstances of the case. There is no general and positive rule on the subject; and Lord *Thurlow* observed, in one case, (*Williams* v. *Thompson*, 2 *Bro.* 279.,) that if a defendant comes in after a bill has been taken *pro confesso*, upon any

reasonable ground of indulgence, and pays costs, the court will attend to his application, if the delay has not been extravagantly long. If the indulgence be great and frequent, there is danger of abuse of the precedent for the purposes of delay. This objection struck Lord *Hardwicke* with much force in the case of *Cunningham* v. *Cunningham ; (Amb.* 89. *Dickens,* 145. ;) and he directed precedents to be searched, on a similar application, where the defendant applied for a re-hearing, two years after a decree, which, on his not appearing at the hearing, had been made absolute. He said it was a question on which side the greatest inconvenience would lie; and he, finally, opened the cause in that case, on payment of the costs of the default, and of all subsequent proceedings. Several other cases were referred to by the counsel who made this motion, in which the party, whether plaintiff or defendant, who had made the default at the hearing, and who had, thereby, suffered his bill to be dismissed, or a decree to be made absolute against him, was relieved upon the usual terms, of payment of costs. (*Robson* v. *Cranwell, Dickens,* 61. *Kemp* v. *Squire, Dickens,* 131. *Fry* v. *Prosser, Dickens,* 298. *Ferran* v. *Waite, Dickens,* 782.)

I should have been inclined, under these authorities, to have let in the defendant upon terms ; but there is one fact in the case, that puts the inconvenience wholly on the other side, and shows, that the gross neglect of the defendant has deprived the plaintiffs, for ever, of very material testimony to support the charge in their bill of the payment of the judgment. This question of payment involves the whole merit of the controversy, and, since the default, the principal witness in support of the bill has died. Had the defendant put in his answer according to the course and practice of the court, the testimony of this witness might have been procured. It is impossible, now, to relieve the defendant, without producing irretrievable injury to the plaintiffs. The inexcusable neglect of the defendant might, thus, be the very means of gaining his cause. Such a consequence can-

not be endured ; and the application to vacate the decree, and let him in to defend, must be denied.

But as the decree was silent as to costs, they were not recoverable, and they have been taxed and taken by the plaintiffs in their own wrong. They must be refunded; but the plaintiffs are entitled to the costs of this motion; and such costs are to be first deducted out of the amount paid to the plaintiffs' solicitor, and the balance only returned to the defendant.