DANIEL H. HERLIHY, In Equity,

*vs.*

JOHN J. CONEY AND CATHERINE A. CONEY.

Hancock.　Opinion February 17, 1905.

*Equity.　Resulting Trust.　Decree of Single Justice.*

1.　A resulting trust arises by implication of law when the purchase money is paid by one person out of his own money, and the land conveyed to another. It may be paid by the cestui que trust himself. It may be paid by another for him. It may be paid for him by the trustee. But the money must belong to the cestui que trust in specie, or by its payment by the hands of another he must incur an obligation to repay, so that the consideration actually moves from him at the time.

2.　The trust arises from the circumstance that the money of the real purchaser, and not that of the grantee in the deed, formed the consideration of the purchase. In this case the evidence warrants the finding that the transaction between the alleged trustee and cestui que trust was a loan and that the cestui que trust was bound to repay the trustee for the money loaned on his account.

3.　On an appeal in equity, unless the decision of the presiding justice as to the facts is clearly wrong, it must be affirmed.

Equity.　Appeal by defendants.　Decree below affirmed.

The case sufficiently appears in the opinion.

*E. S. Clark,* for plaintiff.

*L. B. Deasy,* for defendants.

SITTING:　EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

SAVAGE, J.　Bill in equity to enforce a resulting trust in an undivided half interest in the Hotel Brewer property at Bar Harbor. The case comes here on the defendants' appeal. The plaintiff claims that as the result of certain negotiations to which he was a party, the Hotel Brewer was purchased for $9,000; that $6,000 of the purchase money was raised on the notes of the defendants secured by a mortgage of the property; that of the remaining $3,000, he and John

J. Coney each paid one-half, and that in accordance with an arrangement between himself and John J. Coney the deed was taken in the name of defendant Catherine Coney, wife of John J. Coney, and sister of the plaintiff. From all this the plaintiff claims that an implied trust arose for his benefit in one-half of the property subject to the mortgage. He claims indeed that it was expressly agreed that he should have half of the property. But the express agreement was not in writing and so not enforceable. The testimony of the plaintiff in one aspect is to the effect that when they were arranging for the payment of the $3,000 in addition to the amount to be raised by the notes and mortgage, the plaintiff informed John J. Coney that he had only $400, that the latter offered to loan him the balance to make their contributions equal, and the offer was accepted. The plaintiff put in his $400 and John J. Coney put in $2600, but $1100 of this the plaintiff claims was advanced on his account, and was in fact a loan to him by Coney, although the money did not pass through the plaintiff's hands. According to plaintiff's evidence it was agreed that Coney should have the entire management of the property.

The defendants deny that plaintiff had anything to do with the negotiations leading up to the purchase. They deny all except that the plaintiff did contribute $400 of the purchase money under such circumstances as to raise a resulting trust in the property to that extent. And the defendants further say that the plaintiff's own evidence shows that even if the $1100 was advanced for the plaintiff, no indebtedness was thereby created, that the plaintiff did not become debtor and Coney creditor, as to the $1100, that the plaintiff in no way became obligated to repay it to Coney, but that Coney was to repay himself out of the rents when received by him, and that he was to look not to the plaintiff for repayment, but to the property only. And, hence it is claimed that the $1100 was not the plaintiff's, was not loaned to him, was not paid by him or for him, and that under such circumstances a resulting trust would not arise. This presents the one important question of fact argued before us. There is no dispute or uncertainty about the law.

A resulting trust arises by implication of law when the purchase money is paid by one person out of his own money, and the land is conveyed to another. *Baker* v. *Vining*, 30 Maine, 121; *Stevens* v. *Stevens*, 70 Maine, 92. It may be paid by the cestui que trust himself. It may be paid by another for him. It may be paid for him by the trustee. *Page* v. *Page*, 8 N. H. 187; *Boyd* v. *McLean*, 1 Johns. Ch. 542; *Kendall* v. *Mann*, 11 Allen, 15. But the money must belong to the cestui que trust in specie, or by its payment by the hands of another he must incur an obligation to repay, so that the consideration actually moves from him at the time. He may take money from his purse, or he may borrow it, and he may borrow it from the trustee. And if the lender pays the money borrowed for the borrower, the borrower pays it. The test is whose money pays the consideration for the purchase. The trust arises from the circumstance that the money of the real purchaser and not that of the grantee in the deed formed the consideration of the purchase. The plaintiff says the money was a loan to him. If by force of the loan the borrower became bound by law to repay, then a resulting trust arose, even if the money did not pass through the plaintiff's hands. And from the use of the term "loan," in its ordinary signification, the law implies a promise to repay. And if the cestui que trust is bound to repay, it matters not whether it is by implied or by express promise.

If, on the other hand, as the defendants claim, it appears, assuming the evidence of the plaintiff as a whole to be true, that John J. Coney advanced the $1100 for the plaintiff, with the understanding that it should be paid back out of the rents, and without any obligation on the part of the plaintiff to repay, and with the agreement that one-half of the property should belong to the plaintiff when the advance was repaid, no trust of any kind arose. No express trust, because not in writing. No implied trust, because the plaintiff paid nothing.

Now what was the fact? The question was submitted to a jury who found for the plaintiff. The presiding justice found and decreed for the plaintiff. All this gives the plaintiff a strong advantage. The question now is,— Is the decision of the presiding justice as to the facts clearly wrong? If not it must be affirmed. *Young* v.

*Witham,* 75 Maine, 536; *Paul* v. *Frye,* 80 Maine, 26; *Gilpatrick* v. *Glidden,* 81 Maine, 137. There was sufficient evidence to support the finding that the transaction was a loan, and that the plaintiff was bound to repay, unless its effect is destroyed by the evidence given by plaintiff and one or more witnesses that Coney said "he would take it (the $1100) out of the rents." Whether, in view of this and the other language used by the parties, it was mutually understood by the parties that Coney was to take the money out of the rents alone, without any obligation of the plaintiff to pay, or whether it was understood that it was a loan and the plaintiff was bound to pay, and the words used were simply expressive of the expectation that plaintiff's part of the rents which would be received by Coney would be enough to pay the plaintiff's debt to him, is the question here. The language is susceptible of either construction. The mutual understanding of the parties at the time must control.

It would serve no useful purpose to comment at length upon the evidence. But after a careful examination of the whole record, we are of opinion that the evidence warrants the conclusion that the decree should be sustained.

*Decree below affirmed, with additional costs.*