ALEXANDER O. SCOTT v. WILLIAM FERGUSON
    and GEORGE WHEELER, Partners, Doing Busi-
    ness Under the Firm Name of FERGUSON &
    WHEELER, Appellants.

### Division Two, July 1, 1911.

1. **RESULTING TRUST: Purchase Money: Advanced for Another.**
   If lumber merchants advance the purchase money for land for
   a saw-mill owner, and take a warranty deed to themselves but
   do this wholly on the account and credit of ·the saw-mill owner,
   they hold the title upon a resulting trust for him.

:2. ———: ———: ———: **Running Account: Warranty Deed Held
   to Be a Mortgage.** The owner of a saw-mill agreed with the
   owners of the land ·in suit to buy it for $2,000, and defendants.
   lumber merchants, agreed to find or advance the money for
   him, and take a warranty deed to themselves to be held by
   them as security for the purchase money advanced, and they
   were to furnish him money as needed in carrying on his saw-
   mill business, and he was to market all the lumber cut and
   sawed from this land through them, and they were to receive
   ·a commission of one dollar per· thousand feet for the lumber
   so marketed. Th land was conveyed to them by warranty deed,
   and they opened an account upon their books with him, charg-
   ing him $2,000 as the purchase price of the land, and he paid
   them the amount in lumber and continued to sell them lumber
   until they notified him that they had heard he was selling a
   part of the lumber to other dealers and would furnish him no
   more money and would take no more of his lumber. He denied
   that he had sold any of the lumber from this land to any other
   ·dealer until after they had notified him they would take no more
   lumber from him. The court found that when their dealings
   ·ceased he owed them (with interest) $784.90 on account. *Held,*
   that, though the purchase money was paid by defendants, it
   was paid for plaintiff's benefit and on his account, and in pur-
   ·suance of the agreement that the warranty deed was to in-
   demnify them against loss for the money so paid, and thereby
   a resulting trust was created, and the title will be decreed to
   be in him, subject to a lien in their favor for the balance due
   on account.

:3. **INTEREST: Balance on Account: Demand.** A creditor is en-
   titled to interest on an account after it becomes due and de-
   mand of payment has been made. But he is not entitled to
   interest unless he shows such demand.

Scott v. Ferguson.

4. ———: ———: ———: **No Remedy on Appeal.** But where the debtor did not appeal from the judgment allowing defendants interest on the balance due on account, which, there being no demand, was erroneously allowed, and he offered to pay and tendered the money found due by the court, he is in no position in the appellate court to ask a modification eliminating the item of interest.

Appeal from Mississippi Circuit Court.— *Hon. Henry C. Riley*, Judge.

AFFIRMED.

*James F. Green* and *Ernest A. Green* for appellants; *William N. Barron* of counsel.

(1) To create a resulting trust, the purchase money must be paid by the *cestui que trust*, and the title taken in the name of the alleged trustee. 15 Am. & Eng. Ency. Law, 1132-1137; Shaw v. Shaw, 86 Mo. 598; Sill v. West, 125 Mo. 631; Richardson v. Champion, 143 Mo. 538; Hardware Co. v. Horn, 146 Mo. 129; McMurray v. McMurray, 180 Mo. 526; Kelly v. Johnson, 28 Mo. 251; Crawley v. Crafton, 193 Mo. 421; Coates v. Woodworth, 13 Ill. 656; Pinnock v. Clough, 16 Vt. 504; Reed v. Sperry, 193 Mo. 167. (2) The plaintiff sued to declare a resulting trust, but was permitted by the trial court to try, against the objection and exception of the defendants, urged throughout the trial, a case in specific performance, of which the defendants had no notice. A party cannot sue upon one cause of action and recover upon another. Reed v. Bott, 100 Mo. 62; Bank v. Assurance Co., 106 Mo. App. 625; Bank v. Armstrong, 62 Mo. 65; Lenox v. Harrison, 88 Mo. 495. (3) The court erred in taxing any part of the. costs against the defendants. Schumacher v. Mehlberg, 96 Mo. App. 598; Turner v. Johnson, 95 Mo. 431.

235 Sup.—37

*David W. Hill* for respondent.

(1)   The petition is broad enough to cover a resulting trust or for specific performance, or both, and it was, therefore, immaterial who signed the purchase money notes.   The slight variation between the allegation in the pleadings and the proof is wholly immaterial. Sec. 655, R. S. 1899; Sec. 659, R. S. 1899.   (2)   Plaintiff's petition states a cause of action for specific performance.   Sec. 592, R. S. 1899; Pomeroy v. Fullerton, 113 Mo. 440; Waddington v. Lane, 202 Mo. 387; Eggert v. Dry Goods Co., 102 Mo. 512; Bales v. Roberts, 189 Mo. 49.   (3)   Defendants now, in this court, insist, however feebly so, that plaintiff's petition and evidence to sustain the same were all within the Statute of Frauds.   In reply to that, plaintiff suggests that this case must be tried in this court on the same theory as in the court below.   (4)   It would be unfair and a gross injustice to permit the defendants to hold the title to the land in controversy after the plaintiff, as the owner, has been in possession of the land for ten years, and has fully paid for it; and too, the Statute of Frauds cannot be invoked to uphold a fraud.   Asbury v. Hicklin, 181 Mo. 673.   (5)   The defendants, time after time, refused to settle with the plaintiff, refused to let him see their books and on two occasions plaintiff was cursed out of defendants' office, and Wheeler told plaintiff to sue; plaintiff had to sue and did sue and being compelled to do so, as a result of the actions of the defendants, and having been awarded a judgment as pleaded, the costs in this case were properly assessed against the defendants.   Sec. 1547, R. S. 1899; Sec. 1552, R. S. 1899; Bender v. Zimmerman, 135 Mo. 53.

KENNISH, P. J.—This is a suit instituted in the circuit court of Ripley county by the respondent, Alexander O. Scott, against the appellants, William Ferguson and George B. Wheeler, partners, doing

business under the firm name of Ferguson and Wheeler. The object and purpose of the suit was to have this court declare the defendants holders of the legal title to the real estate described in the petition, as trustees of a resulting trust for the benefit of the plaintiff. On the application of the plaintiff the venue of the case was changed to the circuit court of Mississippi county, where on a trial of the issues the circuit court rendered a decree in favor of the plaintiff, from which the defendants appealed to this court.

The petition alleged substantially the following facts: That on the 10th day of June, 1899, the Howard heirs, whose names are fully set out in the petition, were the owners and in possession of the southwest quarter of section twenty-six and the northeast quarter of section twenty-five, in township twenty-three north, of range four east, in Ripley county, this State; that on or about the said 10th day of June, 1899, plaintiff contracted with the owners for the purchase of said land, for the price and consideration of two thousand dollars, with the understanding and agreement that the legal title should be conveyed by the said owners to the defendants Ferguson and Wheeler, in trust for the plaintiff; that the legal title to said real estate, pursuant to said agreement, was on the said 10th day of June conveyed to the defendants, in trust for plaintiff; that the consideration for the said real estate was wholly paid by the plaintiff and that the legal title thereto was conveyed to the defendants to secure them as sureties on plaintiff's promissory notes for the sum of two thousand dollars borrowed to pay for said land; that the defendants agreed that they would convey said real estate to plaintiff as soon as said promissory notes were paid; that said notes and the interest thereon have been fully paid by the plaintiff and that plaintiff has demanded that defendants convey to him the legal title to said real estate, but that the defendants have failed and refused and still refuse to convey said title as re-

quested and as they were in duty bound to do; that ever since the conveyance of said lands to defendants, plaintiff has been and is now in possession thereof and is entitled to the conveyance of the legal title to him by the defendants. The prayer of the petition is that the court declare the defendants holders of the legal title as trustees of a resulting trust for the benefit of plaintiff and require the defendants to convey the legal title to said real estate to the plaintiff, and for general relief.

The answer, after an admission of the partnership, was a general denial.

It was adjudged by the circuit court that plaintiff was entitled to have the legal title to the land vested in him upon the payment to defendants of $784.90 due them on open account.

There is substantial agreement in the evidence as to the material facts of this case concerning the contract of purchase of the land in controversy. The plaintiff owned a saw-mill and was engaged in the manufacture of lumber. The defendants were merchants and lumber dealers at Poplar Bluff, Missouri. Plaintiff had been dealing with defendants in lumber transactions for a period of several years preceding the year 1899. In June, 1899, plaintiff negotiated for the purchase of the land in controversy, with the owners thereof, and finally agreed upon the purchase price, which was the sum of two thousand dollars. Plaintiff did not have the money to pay for the land and made an arrangement with the defendants by which they were to assist him in borrowing the money and the legal title was to be conveyed to the defendants, to be held by them as security for the purchase money advanced. The land was purchased and the title by warranty deeds was conveyed to defendants. Plaintiff at once went upon the land, claimed it as owner and began improving it and cutting, sawing and marketing the timber thereon. And he so continued to occupy the land as owner and was so in possession of it at the time of the filing of this

suit. As part of the arrangement between the plaintiff and the defendants for the purchase of the land it was agreed that the defendants were to furnish money as needed by plaintiff in carrying on the saw-mill business and plaintiff was to market all the lumber cut and sawed from this land through defendants. Defendants were to receive a commission of one dollar per thousand feet for the lumber so marketed by them. An account with plaintiff was at once opened upon the defendants' books, which account was introduced in evidence. This account showed that the defendants paid the notes and charged the plaintiff with the full amount so paid and plaintiff was given credit for the sums due him for lumber sold to defendants in accordance with the agreement.

In the year 1900 the defendants heard that plaintiff was selling part of the lumber cut from the land so purchased to other dealers and they notified plaintiff by letter that they would furnish him no more money and would take no more of his lumber. Plaintiff denied that he had sold any of the lumber from this land to any person other than the defendants, until after they had notified him they would no longer continue to furnish him money and take his lumber in accordance with the arrangement made. Plaintiff claimed that he had fully paid the defendants all he owed them and that there was a balance due from them to him and demanded that a settlement be made and that defendants make him a deed to the land. Defendants twice refused to settle and ordered plaintiff out of their place of business. Plaintiff then brought this suit.

When Ferguson, one of the defendants, was on the stand testifying in his own behalf, the following occurred:

"The Court: This land was contracted by Mr. Scott or by you gentlemen from the Howard heirs?

"A. Mr. Scott. We had been figuring with Mr. Horrell, but for another party as I testified earlier, and I

knew the tract of land and was perfectly familiar with the conditions, and I mentioned it to Mr. Scott myself.

"The Court: Scott negotiated this trade? A. Yes, sir.

"The Court: Then what you gentlemen paid on this land was paid for Mr. Scott? A. Yes, sir, that was the intention.

"The Court: That was the intention at the time you made the trade? A. Yes, sir.

"The Court: The only difference now is as to the amount that Scott may owe you?

"A. Yes, sir, and the difference of amount of stumpage.

"The Court: That is all."

There can be no doubt, under the uncontradicted facts in this case, that, when the defendants took title to the land conveyed to them by the Howard heirs, a trust resulted in favor of plaintiff, subject to their right to hold the title until the amount advanced for plaintiff had been paid. It is contended by appellants that as the purchase money was not paid by plaintiff but by appellants, a resulting trust was not created for plaintiff's benefit. We cannot agree with that view of the law. It is undisputed that plaintiff made the purchase of the land and that the title was placed in the defendants merely to secure them for becoming responsible for the purchase money. Plaintiff was charged on the defendants' books with the full amounts of the notes given for such purchase money and the plaintiff paid the defendants in lumber as agreed, so long as defendants permitted him to carry out the terms of the contract.

The law applicable to such a state of facts, as found in 1 Perry on Trusts and Trustees (6 Ed.), p. 208, is stated as follows: "On the other hand, if one should advance the purchase money and take the title to himself, but should do this wholly upon the account and credit of the other, he would hold the estate upon a

resulting trust for the other. And if *partly* on the account and credit of another, he would hold as trustee *pro tanto.*"

Many cases are cited in support of the text. In one of them, Powell v. Powell, 114 Ill. 329, the court held, as stated in the fourth syllabus, as follows: "A contract was made for the purchase of a lot of ground for $900, $100 of which was to be paid down, and eight notes given for the balance, bearing six per cent interest. The purchaser being unable to make the first payment, induced his father to advance the same, and give his individual notes for the balance, and the contract for the deed was made directly to the father as a security for the money so advanced, and to indemnify him against liability on his notes for the remaining purchase money. The son afterward repaid his father the sum so advanced, went into possession of the lot, paid the taxes, and made valuable improvements thereon, and paid the interest on the notes. It was *held*, that the father held the bond for the deed in trust for the son."

In a foot note to the text of Perry on Trusts, supra, the following statement of the law, found in the case of Herlihy v. Coney, 99 Me. 469, is quoted with approval: "A resulting trust arises by implication of law when the purchase-money is paid by one person out of his own money, and the land is conveyed to another. It may be paid by the *cestui que trust* himself. It may be paid by another for him. It may be paid for him by the trustee. But the money must belong to the *cestui que trust* in specie, or by its payment by the hands of another he must incur an obligation to repay, so that the consideration actually moves from him at the time. He may take money from his purse, or he may borrow it, and he may borrow it from the trustee. And if the lender pays the money borrowed for the borrower, the borrower pays it. The test is whose money pays the consideration for the purchase."

The facts of this case bring it clearly within the doctrine of the foregoing authorities and we think the trial court was fully warranted in decreeing the title in the plaintiff, subject to the lien of the defendants for the balance found due on account.

We have considered appellants' complaint that there was a variance between plaintiff's pleading and proof, and we hold that there was no variance which was material or affected the substantial rights of the defendants.

We are urged by respondent to modify the judgment by deducting the sum of $101.95, interest on plaintiff's account, which the court included in the amount found due from plaintiff to defendants. Section 7179, Revised Statutes 1909, provides that a creditor shall be entitled to interest on an account after it becomes due and demand of payment has been made. We have failed to find any evidence in the record showing a demand made by the defendants for the balance due on their account, and it follows that there is no basis for the allowance of the item of interest against the plaintiff. However, as respondent did not appeal from the judgment, but offered to pay and tendered the money found due by the court, he is not in a position to ask a modification of the decree in this court.

For the reasons given we hold that the judgment should be affirmed. It is so ordered. *Ferriss* and *Brown, JJ.*, concur.