### ZIMMERMAN et al. v. DALEY et al.
### No. 2680.

Circuit Court of Appeals, First Circuit.
Oct. 28, 1932.

Guy C. Richards, of Salem, Mass. (Edward S. Underwood, of Lynn, Mass., and Alexander G. Gould and Harry Shapiro, both of Boston, Mass., on the brief), for appellants.

Albert A. Schaefer, of Boston, Mass. (Joseph B. Ely and Ropes, Gray, Boyden & Perkins, all of Boston, Mass., on the brief), for appellees.

Before BINGHAM, ANDERSON and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

The plaintiffs are the trustees in bankruptcy of the Cass & Daley Shoe Company, a Massachusetts corporation, with a plant located in Salem, adjudicated bankrupt on April 17, 1925. On October 28, 1927, they brought this suit, seeking to recover capital stock of the Farmington Shoe Company, or money damages in lieu thereof. The case was tried at great length before a master, who filed a long and elaborate report, finding for the defendants. The plaintiffs' exceptions were heard by Judge Morton in December, 1930. On September 3, 1931, in a memorandum of decision, the learned judge said: "At the conclusion of the arguments I felt it necessary to hold this case for careful consideration. As a result, I am of opinion that the master's findings ought not to be disturbed."

The fundamental question arises under the tenth and eleventh paragraphs of the master's report, which are as follows:

"10. I find that at the time of the purchase of the Farmington Shoe Company and during all the time covered by the facts in this case until just prior to the petition in bankruptcy in April, 1925, the Cass and Daley Shoe Company was solvent and had committed no act of bankruptcy and that the method of purchase was known by and approved by all the common share holders of the Cass and Daley Shoe Company, and that it was their intention to treat the Farmington Shoe Company as a separate corporation, and that the officers of the Cass and Daley Shoe Company then deemed it for the best interests of the Cass and Daley Shoe Company to recognize and approve the loans to the personal accounts of Mr. Cass and Mr. Daley for the purchase of the Farmington Shoe Company as valid and existing loans. I find that the Cass and Daley Shoe Company through its officers and agents deemed it inadvisable to own shares of the Farmington Shoe Company as it would have been ultra vires according to the charter of the Cass and Daley Shoe Company, and preferred to exercise such control as was in the interest of the Cass and Daley Shoe Company through the common ownership of the stock of both companies rather than to treat the shares of the Farmington Shoe Company as an asset or the company as a subsidiary of the Cass and Daley Shoe Company. I find that all of the funds with which the purchase was made came from the Cass and Daley

Shoe Company, through loans to Mr. Cass and Mr. Daley personally, and the charges on the books to the personal accounts of Mr. Cass and Mr. Daley were proper. The purchase was paid for through the medium of checks of the Cass and Daley Shoe Company drawn directly to the former owners of the stock, or to John A. Decry, the one who advanced to the owners part of the purchase price.

"11. The corporate records of the Cass and Daley Shoe Company (Exhibit 92) together with the testimony of George A. Dempsey indicate and I find that Mr. Cass, as treasurer, in reading the report of the financial condition of the company for May 30, 1919, reported the nature of the transaction by reading the amount of monies loaned to Mr. Cass and Mr. Daley and explaining that the money had been borrowed by them personally for the purchase of the stock of the Farmington Shoe Company and that at the annual meeting of August 1, 1919, a resolution was passed as follows:

" 'Resolved, that all official acts of the board of directors, and all official acts of the other officers of the company up to the present be and the same hereby are ratified, confirmed and approved, and all minutes and records approved as they appear.' "

The appellant's counsel concedes that, unless this conclusion was wrong, it is unnecessary to consider the later transactions by which this stock went into the hands of various defendants.

The case is therefore in a very narrow compass. This court is faced with the carefully considered findings of the master and of the court below, in the defendants' favor. While payment of the nearly $75,000 for the Farmington stock by the bankrupt undoubtedly grounds a presumption in favor of a constructive or resulting trust, it is a presumption of fact only. 1 Perry on Trusts (7th Ed.) § 133. Blodgett v. Hildreth, 103 Mass. 484, 487; Herlihy v. Coney, 99 Me. 469, 59 A. 952. The case before us falls under the familiar rule that a finding of fact, concurred in both by the master who heard and saw the witnesses and by the District Court, should not be disturbed by this court, unless plainly wrong. It is entirely clear on

this record that no finding of plain error can be made. The decree below must be affirmed.

The decree of the District Court is affirmed, with costs to the appellees.