EVERETTE WOODARD ET AL. v. J. L. COHRON ET AL., Defendant, J. L. COHRON, Appellant.—137 S. W. (2d) 497.

Division One, March 6, 1940.

*Robert M. Zeppenfeld* for J. L. Cohron.

*Geo. L. Vaughn* for respondents.

CLARK, J.—Appeal from the Circuit Court of the City of St. Louis. Plaintiffs, Woodard and wife, filed suit in ejectment against defendant Cohron, the petition being in the usual form. Cohron filed answer and cross-petition, bringing in Powell and wife as defendants, and among other things alleging: that plaintiffs are not the real owners of the real estate described; that the same belongs to Cohron and Powell equally and plaintiffs are holding under a deed from Powell and wife without consideration and with intent to defraud Cohron; Cohron prays that this deed be set aside, the title vested in him and Powell and that Powell be made to account for rents and profits. Powell and wife entered their appearance and filed reply. The decree was for the plaintiffs and the Powells and against defendants Cohron. Cohron has appealed.

The evidence shows that prior to August 21, 1930, Cohron owned a piece of real estate upon which was a deed of trust for $5000 and Powell owned another tract which was clear. Both Cohron and Powell were stockholders and Powell was a director in a small insurance company. To enable the company to procure needed funds, Powell and Cohron executed accommodation notes secured by separate deeds of trust upon their respective properties; Powell's note being for $11,000 and Cohron's for $12,500, subject to the existing deed of trust for $5000. On these notes the insurance company procured a loan from a fraternal organization (hereafter called the Relief Board) in the sum of $17,000, out of which the $5000 deed of trust on the Cohron property was paid. Upon default both deeds of trust were foreclosed and the property bought in by the Relief Board. Powell and Cohron each gave notice and filed a redemption bond. On August 10, 1931, ten days before the expiration of the redemption period, Cohron and Powell entered into a written agree-

ment with the Relief Board whereby it agreed to deed the Cohron property back to Powell, subject to a deed of trust for the amount due the Board after deducting a sum to be realized as compensation for the Powell property which had been condemned for public use by the city. Later the Relief Board collected from the city something more than $18,000, as compensation for taking the Powell property, and executed a deed conveying the Cohron property to Powell subject to a deed of trust for $2600. Thus far there is no conflict in the testimony.

Cohron, although admitting that he and Powell executed the written agreement with the Relief Board whereby it was provided that the Cohron property should be and was conveyed to Powell, testified that he had a prior oral agreement with Powell that he (Cohron) was to share equally in the property. In this he was corroborated to some extent by two other witnesses. Powell denied such agreement and, we think, is corroborated by circumstances which we will mention later.

Cohron, by cross-examination of Woodard and Powell, attempted to show that the deed from Powell to Woodard was without consideration. Powell and Woodard both testified that Woodard paid $9000 and, while the testimony is not very convincing, there was no evidence to the contrary. Because of our view of the case, this question is not material.

Cohron tried the case and briefs it here on the theory that a trust results in his favor to the extent of an undivided one-half interest in the property.

To establish such a trust by parol testimony the proof must be "so clear, so unequivocal, so cogent and impelling as to exclude every reasonable doubt from the chancellor's mind." [Norton v. Norton, 43 S. W. (2d) 1024, l. c. 1032, and cases cited.]

While we are not bound to accept the chancellor's view of the testimony, we believe he was right in holding that the testimony was insufficient to establish a trust and, for that reason, the decree should be affirmed.

The decree should be affirmed for another reason. Section 2967, Revised Statutes Missouri 1929 (Mo. Stat. Ann., p. 1835), requires contracts for the sale of land to be in writing. Section 3104, Revised Statutes Missouri 1929 (Mo. Stat. Ann., p. 1928), provides that a trust in land shall be manifested and proved by some writing. An express trust cannot be created or proved by a parol agreement; a resulting trust may be proved by parol, but never arises by virtue of an agreement. [Purvis v. Hardin, 343 Mo. 652, 122 S. W. (2d) 936 (en banc); Parker v. Blakeley, 338 Mo. 1189, 93 S. W. (2d) 981 (Div. 1); Norton v. Norton, 43 S. W. (2d) 1024 (Mo. Div. 1); 65 C. J., sec. 35, p. 250; 26 R. C. L., sec. 57, p. 1214; 2 Bogert on Trusts, sec. 454.] Therefore, even if Powell and Cohron made the oral agree-

ment claimed by the latter, (as to which the evidence leaves us in doubt), such an agreement alone would create neither an express trust nor a resulting trust.

But Cohron's counsel argues that a resulting trust arises by virtue of the payment of a part of the consideration by Cohron and that the parol agreement is admissible to show the relation of the parties and the character of the transaction. In support of this contention he cites a number of cases such as: Laughlin v. Laughlin, 291 Mo. 472, 237 S. W. 1024; Leahey v. Witte, 123 Mo. 207, 27 S. W. 402; Richardson v. Champion, 143 Mo. 1. c. 545, 45 S. W. 280; Butler v. Carpenter, 163 Mo. 1. c. 605, 63 S. W. 823; Scott v. Ferguson, 235 Mo. 1. c. 583, 139 S. W. 102.

Those cases hold that a resulting trust may arise where the consideration, or a part of it, is paid by one person and the deed taken in the name of another, or where one person already holds the equitable interest and the property is deeded to another.

Such is not this case. The proof does not clearly show either that the parol agreement between Cohron and Powell was made or that Cohron paid any part of the consideration for the deed from the Relief Board to Powell. The deed recites a consideration of one dollar and other valuable consideration. The written contract made between the Relief Board on the one part and Cohron and Powell on the other contains a number of recitals, one of them being that both Powell and Cohron were unable to redeem their respective properties. At this time this written agreement was made the condemnation award for something more than $18,000 (the exact amount to be determined after deducting some expenses and taxes due) had been made for the taking of the property formerly owned by Powell. It may be conceded that this award ran with the land and belonged to the Relief Board. Thus it appears that both Cohron and Powell had already lost their properties and Powell had no claim to the condemnation award. So, the only actual consideration for the deed from the Relief Board to Powell seems to have been the deed of trust for $2600 executed by Powell to make up the total due the Board. Since the amount realized from the former Powell property, plus the deed of trust for $2600, paid the entire amount due the Board (including the personal debt of Cohron for $5000 which had been paid out of the loan), it does not appear that Cohron paid any part of the consideration for the deed from the Board to Powell. It also seems unlikely that Powell would agree to give Cohron a one-half interest.

Accordingly, the decree of the chancellor should be and is hereby affirmed. All concur.