**Monte HAAS and Patricia Lister Haas, Plaintiffs-Respondents,**

**v.**

**Lola M. HAAS, Defendant-Appellant,**

**John Hume, Personal Representative of the Estate of Elmer Haas, Deceased, and David L. Rosenburg, Defendants.**

No. 13164.

Missouri Court of Appeals,
Southern District,
Division Two.

April 6, 1984.

Motion for Rehearing or to Transfer
Denied April 30, 1984.

Application to Transfer Denied
June 19, 1984.

J. Max Price, John D. Beger, Salem, Ronald D. White, Rolla, for defendant-appellant.

W.H. Thomas, Jr., Routh, Thomas & Birdsong, Rolla, for plaintiffs-respondents.

MAUS, Presiding Judge.

A warranty deed named as grantees the following: "Elmer Haas & Georgia Haas, husband and wife; Monte Haas, single and Patricia Lister, single." After the description, it stated, "It is the intention of this deed to vest in the grantees Elmer Haas & Georgia Haas, h/w an undivided ½ interest in said real estate and in Monte Haas, an undivided ¼ interest in said real estate and in Patricia Lister an undivided ¼ interest in

said real estate." Monte Haas and Patricia Lister, the plaintiffs-respondents, were thereafter married. The marriage of Elmer Haas and Georgia Haas was dissolved. Their interest in the described property was not dealt with in the dissolution proceeding. Elmer is deceased. Georgia Haas conveyed her interest to the plaintiffs. Upon their petition, the circuit court, upon the basis of a resulting trust, declared the plaintiffs to be the owners of the undivided ¼ interest standing in the name of Elmer Haas. One of his successors appeals.

By their petition, the plaintiffs essentially alleged the following. They purchased the property in question. It was conveyed by the deed referred to above. Elmer Haas and Georgia Haas did not furnish any of the purchase price, but borrowed $15,700 as trustees for the plaintiffs. The plaintiffs made all payments upon the loan. That Elmer Haas and Georgia Haas "intended to become by virtue of the payments made by plaintiffs, trustees for plaintiffs." The trial court found the allegations of the petition to be true. It determined Elmer Haas and his successors held the legal title to an undivided ¼ interest under a resulting trust for the plaintiffs. The appellant contends the evidence is insufficient to establish such a resulting trust.

There is evidence to establish the following ultimate facts. Monte Haas, age 21, and Patricia Lister, age 20, planned to be married. As prospective purchasers, they and their parents looked at a house that was for sale. There was an oral agreement of purchase for $12,000. Georgia Haas was a long time employee of a local bank. Upon her inquiry, the loan officer of that bank told her the bank would not loan money for the purchase price to Monte Haas and Patricia Lister. Their financial ability was regarded as insignificant. But, the bank would loan the necessary money to Elmer Haas and Georgia Haas.

As a result, the bank loaned Elmer Haas and Georgia Haas $13,000. The loan was evidenced by a note signed by them. The loan was unsecured. The note was due on demand. Although, in connection with that note, the bank prepared a payment schedule calling for monthly payments of $130.

The house was purchased. It was understood the house was to be a home for the plaintiffs. Upon the oral agreement, plaintiff Monte Haas handed the sellers $100 in cash. It is not clear that this $100 came from the proceeds of the loan. Upon closing, the balance of the purchase price was paid by a check signed by Georgia Haas drawn upon the proceeds of the loan.

The deed was prepared by Helen Vaughn. She was the aunt of plaintiff Monte Haas. Mrs. Vaughn had several years experience as an employee in an abstract and law office. The testimony concerning the style of the warranty deed included the following. The loan officer recommended the names of Elmer Haas and Georgia Haas be placed upon the deed for security purposes. Helen Vaughn also thought they should be named as grantees. She added, the reason was for security purposes. All four parties instructed her how to make the deed. The exact language was in accordance with her office practice. It was her understanding, "it was the intention of the parties to vest in Elmer Haas and Georgia Haas an undivided half interest in the real estate and Monte Haas an undivided one-fourth and Patricia Lister Haas an undivided one-fourth."

The plaintiffs moved in and have continuously lived in the house. The portion of the $13,000 not paid on the purchase price was used for improvements. The plaintiffs made additional improvements. The plaintiffs have paid the taxes on and the insurance premiums for the property. They have paid all payments called for by the payment schedule. The balance of the note at the time of trial was $12,550.36.

As stated, after the purchase, the marriage of Elmer Haas and Georgia Haas was dissolved. Elmer Haas then married appellant Lola Haas. Elmer Haas died. By his will, Lola Haas, her son David L. Rosen-

burg and Monte Haas are the successors to the residue of his estate.

Section 456.010.1 provides: "All declarations or creations of trust of any lands, tenements or hereditaments shall be manifested and proved by some writing signed by the party who is, or shall be, by law, enabled to declare such trusts, or by his last will, in writing, or else they shall be void." However, the long standing doctrine of implied trusts, *Ferguson v. Robinson*, 258 Mo. 113, 167 S.W. 447 (banc 1914), is preserved by § 456.010.2, which provides, "When any conveyance shall be made of any lands, tenements or hereditaments, by which a trust may arise or result by the implication or construction of law, such trust shall be excepted from the requirements of subsection 1."

■ In general, an implied trust will arise from circumstances which either create a "resulting trust" or call for the imposition of a "constructive trust." *Ferguson v. Robinson*, supra. It is not necessary for this opinion to investigate all of the variations of circumstances from which an implied trust will arise. The decision of the trial court is based upon the existence of a resulting trust.

■ "A resulting trust arises by operation of law from the facts of a case. It is one implied by law from the acts and conduct of the parties and the facts and circumstances which at the time exist and attend the transaction out of which it arises." *Meyer v. Meyer*, 285 S.W.2d 694, 698 (Mo.1956). The implication of a resulting trust must arise against the presumption the holder of the legal title is the owner. *Adams v. Adams*, 348 Mo. 1041, 156 S.W.2d 610 (1941). There are numerous limitations upon the circumstances which will create a resulting trust. A basic limitation has received the following expression. "We have recently stated that a resulting trust must arise, if at all, at the instant the deed is taken. Unless the transaction is such that the moment the title passes the trust results from the transaction itself, then no trust results. It cannot be created by subsequent occurrenc-

es." *Dougherty v. Duckworth*, 388 S.W.2d 870, 874 (Mo.1965). It is often said that a resulting trust cannot rest upon an express oral agreement. *Bender v. Bender*, 281 Mo. 473, 220 S.W. 929 (1920). Although, not all evidence of an oral agreement is inadmissible or immaterial. "However, existence of an express oral agreement on the part of a grantee to hold land for the payor of the consideration does not destroy the resulting trust or cause the transaction to be judged as an attempt to create an express trust." *Hergenreter v. Sommers*, 535 S.W.2d 513, 518 (Mo.App.1976).

The statement to the effect that a resulting trust 'never arises by virtue of an agreement' which appears in cases such as *Woodard v. Cohron*, 345 Mo. 967, 137 S.W.2d 497, 498 (Mo.1940); *Mays v. Jackson*, 346 Mo. 1224, 145 S.W.2d 392, 399 (1940); *Fulton v. Fulton*, 528 S.W.2d 146, 158 (Mo.App.1975), pertains to an agreement to create a trust; not to an agreement that certain acts be done which in turn give rise to the creation of a trust by operation of law. *Collins v. Link*, 562 S.W.2d 131, 135 (Mo.App.1978).

■ Under these principles, a resulting trust may be, but is not always, created in favor of one who, in whole or in part, pays the purchase price for real property, the title to which is placed in the name of another. *Bender v. Bender*, supra. Under the basic limitation referred to above, *Meyer v. Meyer*, supra, a resulting trust is not established because, after the conveyance, one who has been placed in possession, makes payments upon a deferred purchase price. *Dougherty v. Duckworth*, supra. The same is true in respect to improvements and the payment of taxes. *Jones v. Anderson*, 618 S.W.2d 252 (Mo.App.1981); 3 Scott on Trusts § 454.7 (1939).

The plaintiffs rely upon *Hergenreter v. Sommers*, supra. In particular they cite the following quotation. "A resulting trust arises if the grantee uses his own credit in the trust claimant's behalf and purchases the property pursuant to a prior agreement that the trust claimant will exonerate the grantee and satisfy the indebt-

edness incurred." *Hergenreter v. Sommers,* supra, at 519–520. An early leading case recognizing this apparent exception was *Crowley v. Crowley,* 72 N.H. 241, 56 A. 190 (1903). It is discussed in Restatement (Second) of Trusts § 448 (1959) and 3 Scott on Trusts § 448, supra.

■ However, implicit in this apparent exception is the requirement that the purchase price be paid by the grantee under circumstances which establish that the money so paid was in reality the property of the cestui que trust. Restatement (Second) of Trusts § 448, supra. That requirement has long been recognized. "Unless there was an agreement between the plaintiff and his father, at the time the note and mortgage were given by the latter, that the plaintiff should pay the note, the payment of it subsequently by him would not raise a resulting trust in his favor in the fractional part of the farm thus paid for." *Crowley v. Crowley,* supra, 56 A. at 192. The same is true when Restatement (Second) of Trusts § 448, supra, speaks in terms of a "loan to another."

That requirement received early expression in this state. "But the money must belong to the cestui que trust in specie, or by its payment by the hands of another he must incur an obligation to repay, so that the consideration actually moves from him at the time." *Scott v. Ferguson,* 235 Mo. 576, 583, 139 S.W. 102, 104 (1911). It has been consistently followed. "[I]f the money was loaned no resulting trust can arise even though it was understood the parents' title should be held for the benefit of appellant as security for the money advanced by him." *Adams v. Adams,* supra, 156 S.W.2d at 614.

Where the transferee undertakes an obligation to the vendor to pay the purchase price, and another person at the time of the purchase does not agree with the transferee to pay the purchase price to the vendor, or to contribute to the payment, a resulting trust does not arise in favor of the other even though he subsequently pays the purchase price and as-sumes an obligation to pay it. *Dougherty v. Duckworth,* supra, at 876.

It is restated in the emphasized portion of the quotation cited by the plaintiffs. "A resulting trust arises if the grantee uses his own credit in the trust claimant's behalf and purchases the property *pursuant to a prior agreement that the trust claimant will exonerate the grantee and satisfy the indebtedness incurred." Hergenreter v. Sommers,* supra, at 519–520 (emphasis added).

This court has searched the record for evidence to establish the plaintiffs were under an obligation to pay the loan or exonerate Elmer Haas or Georgia Haas. It is significant the property is not security for the loan. Georgia Haas did not testify that the plaintiffs had such an obligation. In fact, she acknowledged that she still owed the money. The testimony most nearly approaching the subject was that of Helen Vaughn. She said that she understood Monte Haas and Patricia Lister were to pay the purchase price. However, she also acknowledged there was no expression concerning payment by Elmer Haas or Georgia Haas. It was her unchallenged testimony the parties intended that title be vested as clearly stated in the language of the deed.

■ "To establish a resulting trust 'an extraordinary degree of proof is required ... vague or shadowy evidence or a preponderance of the evidence is not sufficient. The evidence must be so unquestionable in its character, so clear, cogent and convincing that no reasonable doubt can be entertained as to its truth and the existence of the trust.'" *Jones v. Anderson,* supra, at 255. The plaintiffs have not established their obligation to pay the purchase price or exonerate the estate of Elmer Haas or Georgia Haas by that degree of proof. For this reason, it is not necessary to consider the legal consequences arising from the fact the plaintiffs have paid only $449.64 upon the loan of $13,000. See *Meyer v. Meyer,* supra. The judgment is reversed.

HOGAN and PREWITT, JJ., concur.