CLOUD, Plaintiff in Error, v. IVIE, Defendant in Error.

1. The statute of frauds does not embrace resulting trusts.
2. Where two proprietors of land agree that one of them shall enter under the graduation law of Congress an adjoining tract of government land, each furnishing one-half the sum required to pay the graduation price, and that the one who enters shall convey one-half the tract to the other, and the entry is made under this agreement; *held*, that there will be a resulting trust as to one-half of the land entered.

Cloud v. Ivie.

*Error to Newton Circuit Court.*

The petition in this case is substantially as follows : Plaintiff states that he is the owner of and occupies for agricultural purposes a certain forty acre tract ; that on the —— day of ——, 1858, a certain forty acre tract of government land [describing it] was subject to entry at the graduation price of one dollar per acre ; that, the same is adjacent to plaintiff's farm above described ; that, on the day and year aforesaid, the defendant agreed with plaintiff that if plaintiff would furnish him twenty dollars he would enter the forty acres above described and make to plaintiff a good deed of conveyance of the south half thereof ; that, confiding in the integrity of defendant and believing that he would perform his part of the contract, plaintiff delivered to defendant, for the purpose aforesaid, the sum of twenty dollars ; that, confiding in the integrity of defendant, he proceeded to prepare a por tion of the south half of the lot aforesaid for cultivation, clearing off the brush, timber, making rails, &c. ; that defendant did enter said tract, but has refused to make to plaintiff a deed as agreed.

The evidence adduced supported the petition. The court instructed the jury as follows : " Admitting all the evidence in the case to be true, the plaintiff can not recover."

The plaintiff took a nonsuit, with leave, &c.

*Hendrick*, for plaintiff in error.

I. The court erred in instructing the jury. The petition was sufficient. The evidence sustained the petition.

NAPTON, Judge, delivered the opinion of the court.

The instruction given by the court, which caused the plaintiff in this case to take a nonsuit, does not disclose the grounds upon which it proceeded. Whether it was based upon a construction of the statute of frauds, or upon the act of Congress under which the land was entered, does not appear.

The statute of frauds does not embrace resulting or im-

plied trusts. The entry of land by one in his own name with the money of another is a resulting trust and may be proved by parol.

There is nothing in the bill of exceptions to show under what act of Congress the land was entered. It may be conjectured that the graduation law of 1851 was the act under which the entry was made, and it is possible that the restrictions of that law occasioned the instruction which the court gave, though this is mere conjecture, for there is nothing in the record or in the brief filed by the counsel to throw any light upon the subject. We do not perceive any thing in the agreement between the plaintiff and defendant which violates the spirit of the act of Congress. Whether the defendant could with propriety take the oath required by that act is a matter not involved in the present controversy. The land was entered; it adjoined both plaintiff and defendant, and under the act either could have entered the entire tract. The agreement was to contribute equal portions of the purchase money and to divide the land, each retaining the half adjoining his farm. There was nothing in such an arrangement calculated to defraud the government or to evade any restriction in the graduation act. It was equitable and just to both parties and did no injury to the government. Whether such an entry could be made consistently with a literal construction of the provision of the act of Congress is a matter, as we have said, which concerned alone the defendant's conscience and the government; though it is plain that, so far as the government was concerned, her interests could not be affected by the agreed division of the land between the two, either of whom might, by a literal compliance with the law, have entered it all.

The instruction of the circuit court was merely a general one, that the plaintiff was not entitled to any relief. No proposition of law was decided, and it is merely a matter of conjecture as to what was the view entertained by the court. Under these circumstances, we shall reverse the judgment and remand the case. The other judges concur.