PRICE *et al., Appellants*, v. KANE, *Appellant.*

Division Two, November 29, 1892.

1. **Trusts**: CONVEYANCE TO WIFE: PAYMENT BY HUSBAND. Where a wife bought land with her husband's money, taking the title in her own name, but declaring at the time that it was purchased for her husband, and that she held the title in trust for him, such land will be impressed with a trust in his favor, and he will be entitled to a decree vesting the title in himself.

2. ———: ———: ADVANCEMENT. A trust is raised in favor of one who pays the consideration for land, although the deed is made to another, unless the conveyance is intended as a provision for a wife, or as an advancement to a child.

3. ———: ———: PAROL EVIDENCE. Parol evidence is admissible in such case to show the real intention of the parties.

4. **Express Trust**: CONVEYANCE BY HUSBAND TO WIFE: PAROL EVIDENCE. Where, however, a husband conveys land to a trustee for the sole and separate use of his wife, and the deed contains no suggestion of a trust in his favor, or power of revocation, and there is no evidence of fraud or undue influence, parol evidence to show that the wife declared such property to belong to her husband, and that she would reconvey it to him whenever he asked her to do so, is inadmissible to establish a trust in his favor.

5. ———: WRITING. Such declaration of an express trust must be proved by writing

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*C. M. Napton* for plaintiffs, appellants.

(1)  When the husband purchases real property with his own means, and causes the same to be conveyed to his wife, a *prima facie* case is made out that the husband intended the conveyance to be a provision for the wife, and no resulting trust will arise. *Schuster v. Schuster*, 93 Mo. 439.  While the facts creating a resulting trust may be proved by parol, such evidence must be clear and unequivocal, and not merely preponderating. *Kennedy v. Kennedy*, 57 Mo. 73; *Johnson v. Quarles*, 46 Mo. 423; *Ringo v. Richardson*, 53 Mo. 385; *Forrester v. Scoville*, 51 Mo. 268; *Sharp v. Sharp*, 60 Mo. 576; *Philpot v. Penn*, 91 Mo. 38.  The evidence in this case does not meet the requirements of the law as to the first piece of property conveyed.  (2) The evidence of M. Kinealy as to what occurred at the interview when the second conveyance was made was improperly admitted, and should not be considered in the case.  Revised Statutes, 1889, sec. 8925; *Johnson v. Sullivan*, 23 Mo. 474.  (3)  No trust results to a husband who buys property and has it conveyed to his wife's trustees.  Where an express trust is declared in writing, there can be no resulting trust. *Alexander v. Warrance*, 17 Mo. 231.  (4)  There can be no trust in this second piece of property, and the defendant cannot recover it because it was transferred for fraudulent purposes, and with an intent to hinder and delay future and past creditors.  Bispham's Equity, sec. 83; *Alexander v. Warrance*, 17 Mo. 230; *McClintock v. Loosseau*, 6 Lawyers' Reports, 1889; *Alwood v. Fish*, 101 Mass. 863.

*R. S. McDonald, M. Kinealy* and *J. R. Kinealy* for defendant, appellant.

(1)   The testimony of witness Kinealy as to what took place at his house concerning those conveyances, in presence of John J. Kane and his wife, was competent.   *Hebbard v. Haughran*, 70 N. Y. 61; *De Wolf v. Strader*, 26 Ill. 230; *Randel v. Yates*, 48 Miss. 689; *Borum v. Fouts*, 15 Ind. 53; *Hanlon v. Doherty*, 109 Ind. 41; *Whiting v. Barney*, 30 N. Y. 332; *Hatton v. Robinson*, 14 Pick. 430; *Caldwell v. Davis*, 10 Col. 492; *Gas Co.'s Appeal*, 117 Pa. St. 521.   (2)   On the evidence in this cause we are entitled to a decree for a reconveyance of the property conveyed by John J. Kane to Kinealy, and by him to Owens' trustees for Elizabeth J. Kane.  1 Perry on Trusts, sec. 166, p. 191; sec. 194, p. 234; sec. 76, p. 61; *Brison v. Brison*, 75 Cal. 525; *Wood v. Rabe*, 96 N. Y. 426; *Young v. Reach*, 2 Atk. 254.   (3)   There is no evidence, showing or tending to show, that Kane made the deeds with intent to defraud his creditors.   *Cordova v. Lee*, 14 S. W. Rep. 208; *Kerrick v. Mitchell*, 68 Iowa, 273; *Payne v. Stanton*, 59 Mo. 158; *Sheppard v. Thomas*, 24 Kan. 780; *Barr v. Cubbage*, 52 Mo. 414; 2 Rice on Evidence, 351; *Spalding v. Strong*, 37 N. Y. 139.

MACFARLANE, J.—Ejectment to recover two lots in the city of St. Louis.   The answer was a general denial and an equitable defense.   The latter charges that Elizabeth J. Kane was wife of defendant from 1865 to her death in 1888, and they resided in St. Louis at that time; that he was engaged in trading in horses and mules, and shipping and selling them in southern states and was necessarily from home much of the time; that June 17, 1869, he purchased the lot first described, and paid the purchase price, but at the request of his wife

and for her convenience in managing the property as his agent, he had the deed made to his wife, with the agreement from her that it should be conveyed to him whenever he should request it; as to the second lot defendant charges that in 1883 he was seized in fee thereof, and his wife induced him, for like considerations of convenience, and with like agreement to reconvey on request, to convey the same to one Owens as trustee, for the use of his said wife; that his wife died unexpectedly, during his absence from home, without having conveyed either of said lots to him as agreed. Defendant prayed that the title be vested in him. The suit was by the nieces, as heirs at law, of the deceased wife of defendant. Defendant had a decree as prayed for the first lot, and plaintiffs recovered the second. Each party appeals.

I. It appears from the undisputed evidence that the wife of defendant Kane purchased the lot first described at auction, in the absence of defendant from the state, but for his use and benefit, and took the title in her own name at the suggestion of some of her friends. The purchase money was all paid by defendant. In such transactions between husband and wife the conveyance is presumably intended as a settlement upon, or provision for, the wife, but that presumption may be rebutted by parol evidence showing that no such intention actuated the parties. When it has been shown that the conveyance was not intended as an advancement or settlement, the grantee will be held to have taken the title to herself in trust for the use of her husband who furnished the purchase money. *Darrier v. Darrier*, 58 Mo. 227; *Hall v. Hall*, 107 Mo. 109, and authorities cited; *Seibold v. Christman*, 7 Mo. App. 254; *Cotton v. Wood*, 25 Iowa, 45.

Not only did it appear from the evidence in this case, with but slight contradiction, that defendant paid

the purchase money, but, contemporaneously with the
purchase by Mrs. Kane, she declared unequivocally
that the purchase was intended for her husband, and
thereafter frequently declared that the property
belonged to him, and she held the title only in trust
for him. The judgment was properly rendered for
defendant as to this lot.

II.   As to the second lot the answer of defendant
charged affirmatively that his business called him away
from St. Louis much of his time and his wife requested
him to convey the property to her promising to recon-
vey to him whenever he should desire to have it, and
that, at her request, and on the faith of the promise to
reconvey on demand, he conveyed it to one Michael
Kinealy to be by him conveyed, or used, so as to be
under the control of defendant's said wife, and that
Kinealy for that purpose conveyed it to Owens as
trustee.

The evidence shows that on the seventeenth day
of February, 1883, defendant conveyed the lot by deed
to Kinealy who on the same day conveyed to Owens in
trust "for the sole and separate use of the said Eliza-
beth Kane, separate and apart from her said husband,
and free of control or interference or marital rights of
him, the said John J. Kane, and the said James Owens
shall suffer and permit the said Elizabeth Kane to per-
sonally manage and use said property and collect the
rents and proceeds thereof if it should be rented."
The deed contained no suggestion of a trust in favor of
the husband, or power of revocation.

Kinealy was an attorney who wrote the deeds, and
testified on the trial as follows:

"They came to my house, Mr. Kane and his wife,
and I don't know who commenced the conversation
first, but I think it was Kane. I think he stated that
they came to see me about drawing a deed. Mrs.

Kane seemed to be a little uneasy, and stated to me that she wanted Kane to deed her the home place, the other part of the home place, or the part adjoining the home place; I don't know which it was, but she spoke of the home place; she wanted Mr. Kane to deed her that place, and that when he wanted it back she would give it to him. Kane said that was all right, and instructed me to make such deeds as would put the title in her, and I did so. That is substantially all that took place."

N. S. Demmitt, a lawyer, testified: "I had a conversation with her [Mrs. Kane] about the property on which she lived and adjoining property. The sum and substance of the conversation was that she was holding the property in trust for John Kane; her husband, and was ready at any time to convey it to him." Mrs. Lavell testified that in a conversation about making a will Mrs. Kane had said to her that she had nothing to will but what belonged to John Kane. Mrs. Ford testified that Mrs. Kane told her that "everything there belonged to Kane." She told her that Kane was always getting into some trouble, and that he had made the property over to her, and that she would give it back to him; that it was made to keep him out of trouble.

Jessie McConnell, a neighbor, testified that she had heard Mrs. Kane say she had the property in her own name, but she was ready and willing at any time to convey it back to him; that "Mr. Kane was always down south and among the yellow fever, likely to get sick or get killed, and he turned it over to her, in case something happened to him she would have a home the rest of her days; but she was ready and willing at any time to turn it back to him when he wanted it."

William Gorman testified that he remembered when the home place was deeded to her (Mrs. Kane).

Before that time she said she thought Kane ought to give her the property, as he was going down south . all the time, and something might happen to him, "and they both agreed to that." She promised that she would give it back to him at any time he wanted it if he would deed it to her.

It was shown that Mr. Kane had other property, but its value was not given, nor was the value of the property in dispute stated by anyone. The evidence showed that in the absence of her husband Mrs. Kane attended to the stock that was left there, and also attended to his business.

Plaintiffs offered some evidence which tended to prove that defendant abused, beat and otherwise mistreated his wife.

Defendant insists that upon the pleadings, and the foregoing evidence, he is entitled to a reconveyance of the property, and the circuit court erred in denying it.

It will be readily seen that the ground upon which a trust in the other lot was declared in favor of defendant Kane does not exist in respect to the lot now under consideration. A trust is raised in favor of the one who pays the consideration in all cases in which the deed is made to another, unless the conveyance is intended as a provision for the wife or advancement for a child. In such case parol evidence is admitted to prove the real intention of the parties. Hill on Trustees, 91; 2 Story on Equity, 201, 991, and cases cited under paragraph 1; Bispham on Principles of Equity, 123.

Here the facts are different. The husband conveys to a trustee for the use of his wife by deed, which, upon its face, and by express terms, vests in her every beneficial interest in the property, even providing that she should be allowed by the trustee "to personally manage and use said property, and collect rents and proceeds· thereof if it should be rented."

Express trusts of any lands can only be proved by some writing, signed by the party who declares them, or else they shall be void, under the statute of frauds. Revised Statutes, 1889, sec. 5184. Trusts that may arise or result by implication of law are not affected by the statute of frauds. Sec. 5185. There was no proof in writing of an express trust, nor do we think the facts proved raise a trust by implication of law. The relation of these parties, instead of casting suspicion on this transaction, affords explanation of their intention. The law presumes that a conveyance from husband to wife is intended as a provision for her. This deed was deliberately and voluntarily made after consulting counsel. The transaction was free from any imputation of fraud, deceit, suspicion, duress or any other act which raises an implied trust. There was no evidence that the wife exercised an undue influence over her husband, or that his will was dominated or controlled by hers. There was no proof of impaired intellect or enfeebled will. On the contrary the evidence shows that he was of robust health, actively engaged in business, and somewhat domineering towards his wife. The deed was made understandingly, with full knowledge that he was divesting himself of the title.

The only evidence introduced in the case to establish a trust was that of declarations made by the wife to the effect that the property belonged to her husband, and that she would convey it back to him whenever he wished her to do so. These were declarations of an express trust which could only have been proved by writing. *Woodford v. Stephens*, 51 Mo. 443; *Alexander v. Warrance*, 17 Mo. 229; 1 Perry on Trusts, sec. 79.

It is evident that plaintiff relied wholly upon the promise and honor of his wife to reinvest him with title either by will or deed, and that it was her purpose

Lynch v. The Metropolitan Street Ry. Co.

to do so until too late. A duty may rest on these plaintiffs to carry out the trust, but courts do not enforce mere moral obligations. Judgment affirmed. All concur.