BUTLER et al. v. CARPENTER et al., Appellants.

Division One, June 12, 1901.

1. **Limitations:** WHEN AVAILABLE. The sole purpose of the statute of limitations, by its very language, is to bar actions, and not to suppress or deny matters of defense, whether equitable or legal, and that is the rule even when the equitable defense (as in ejectment) is accompanied by a prayer for affirmative relief. A meritorious defense is not barred by limitation.

2. **Statute of Frauds:** RESULTING AND IMPLIED TRUSTS. Resulting trusts, or those arising by operation of law, are not within the statute of frauds.

3. ———: PAROL AGREEMENT: PERFORMANCE. The performance of a parol agreement which creates a resulting trust in land, operates to take the agreement out of the statute of frauds.

4. ———: ———: PARTITION: CO-TENANCY. An answer to a petition in ejectment which pleads that the defendant, being the owner of a two-thirds interest in the land in suit, agreed with plaintiffs' ancestor that he would pay the costs of the partition suit then pending and plaintiffs' ancestor was to buy. in the land at the sheriff's sale, take the deed to himself, and hold the title in trust

'for himself and defendant as co-tenants, and that all this was done, and that defendant and such ancestor until his death were in possession as co-tenants, and since his demise he had been in possession for himself and the plaintiffs, pleads a good defense, and does not set up an agreement which is void as being a parol contract for an interest in land in conflict with the statute of frauds, but the paying of the costs established a resulting trust in the land in defendant to that extent, and resulting trusts do not fall within the penalties of the statute; and besides, if the other conditions of the agreement were performed as alleged, the agreement, whether establishing a resulting trust or not, was relieved from the operation of the statute.

Appeal from Stone Circuit Court.—*Hon. J. C. Lamson,* Judge.

REVERSED AND REMANDED.

*Carr McNatt* with *T. L. Viles* and *Geo. W. Thornberry* for appellants.

(1) An answer pleading an equitable title in the defendant, is a good defense to an action in ejectment. Tibeau v. Tibeau, 19 Mo. 78; Hayden v. Stewart, 27 Mo. 288; Collins v. Rogers, 63 Mo. 515; Fisher v. Stevens, 143 Mo. 181; McCollum v. Boughton, 132 Mo. 621. (2) The actual possession of real estate under a verbal contract of purchase or ownership, is not within the statute of frauds, and the possession and equitable title will prevail against a plaintiff holding the naked legal title. Such a transaction is in effect an executed sale. Adair v. Adair, 78 Mo. 633; Tatum v. Brocker, 51 Mo. 148; Swon v. Stevens, 143 Mo. 398; Ridgway v. Holliday, 59 Mo. 444; Tibeau v. Tibeau, 19 Mo. 78. (3) A claim of title is never "stale" while the claimant remains in the actual possession of the premises under color of title or claim of right. (This is elementary.) The statute of limi-

tations only bars actions for possession and not defenses where the party is in possession. Sebree v. Patterson, 92 Mo. 451. (4) A decree for affirmative relief of any kind may be had, even to the extent of partitioning the land under proper answer in an ejectment suit. The answer, setting up an equitable title in defendant, converts the entire cause into an equitable action, and when a court of equity once takes jurisdiction of the *res,* it will prevent a multiplicity of actions by doing full and complete justice, before it lets go. Allen v. Logan, 96 Mo. 598; Real Estate Sav. Inst. v. Collonious, 63 Mo. 295; Barksdale v. Brooks, 70 Mo. 202.

*Albert Hodges, T. J. Gideon* and *W. G. Gideon* for respondents.

(1) The court did not err in sustaining the respondents' demurrer to the answer, for the reason that it contained no enforcible equities. It states that the sale in partition and the purchase thereat by plaintiffs' ancestor, E. N. Butler, was under a decree of the circuit court of Stone county, made at the February term, 1881, and this defense is sought to be made nineteen years thereafter, and two years after the death of plaintiffs' ancestor, and that during the sixteen or seventeen years that intervened, defendant Carpenter failed and neglected to assert his pretended rights or alleged agreement against their ancestor, to compel him to sell the land or convey to him the interest he now claims. This answer shows that he is guilty of laches in not bringing his action to enforce said alleged verbal agreement against plaintiffs' ancestor, E. N. Butler, in his lifetime, who died in 1896, for courts of equity view with disfavor suits brought long after the transactions in issue have occurred, and long after death has closed the lips of those familiar with the occurrences, remote in point of time.

Burdett v. May, 100 Mo. 13; Kronung v. Geohri, 112 Mo. 641; Renfro v. Renfro, 54 Mo. App. 429. (2) The agreement set up in the answer, whether to sell and account for, or convey to the defendant an interest in the premises, not only falls within the statute of frauds, but is inhibited by the ten-years' statute of limitations. For an agreement to purchase land at a sheriff's sale and to hold it in trust for another, is within the statute of frauds, and is not enforcible. It must be in writing. R. S. 1899, sec. 3416; R. S. 1899, sec. 3418; Hammonds v. Cadwallader, 29 Mo. 166; Rogers v. Wolf, 104 Mo. 1; Rogers v. Ramey, 137 Mo. 598.

ROBINSON, J.—This is an action of ejectment in the usual form, for one hundred and thirty acres of land in Stone county, by the heirs at law of Elbert N. Butler, deceased, against the appellant and his tenant, in possession of a portion of the premises.

The appellant, Daniel Carpenter, filed the following answer:

"Comes now the defendant, Daniel Carpenter, and for his separate answer to the plaintiff's petition, denies each and every allegation therein contained, except such as are herein admitted.

"Defendant admits that the plaintiffs are the heirs at law of the said E. N. Butler, now deceased, and that he is now and for a long time prior to the ouster herein alleged has been in possession of a portion of said real estate but not to the exclusion of the plaintiffs herein, nor their ancestor, the said E. N. Butler.

"And for further defense to plaintiffs' action this defendant avers, that during the life of the said E. N. Butler (common ancestor of plaintiffs), to-wit, about 1880, this defendant was the owner in common with his co-tenants of the real estate

sued for, and at ———————— term, 1880, of this court, a partition suit was begun and prosecuted, wherein Daniel Carpenter et al. were plaintiffs, and Martin Pitts et al. were defendants, for the partition of said premises between the said owners thereof, and to that end this court, at the February term, 1881, thereof, made a finding and decree to the effect that this defendant was the owner in fee of the undivided two-thirds of said premises, and that the same be sold in partition, and that the purchase price thereof be divided between the several owners as their interest appeared; that by virtue of said finding and decree this defendant was entitled to two-thirds of the proceeds of such sale after the payment of the cost and expense of said partition.

"That this defendant having the largest interest in said real estate and not being at the time financially able to pay for the interests of his co-tenants and the cost and expense of said partition, and in order to prevent the sacrifice of said real estate at such sale, entered into an agreement with the said E. N. Butler, the ancestor of the plaintiffs, by which verbal contract said land was to be bid in by and stricken off to the said E. N. Butler, who contracted and agreed with this defendant that he would pay in on said sale in cash the sum of two hundred and fifty dollars to be applied to the payment of the cost of said partition and the payment of defendant's co-tenants, their one-third of such purchase price; that this defendant agreed to and did receipt to the said E. N. Butler for his two-thirds of said purchase price without the payment to him of any money or valuable thing whatever. But in consideration therefor the said Butler agreed to take the title deed to said premises and to hold the legal title thereto but in trust for this defendant to the extent of an undivided half interest in and to said real estate in plaintiff's petition described, to-wit: The northwest fractional quarter of the northwest fractional quarter, southwest frac-

tional quarter of northeast fractional quarter, and southeast fractional quarter of northwest fractional quarter, all in section 36, and also northeast fractional quarter of northwest fractional quarter, section 35, all in township 22, range 23 west of fifth principal meridian, on right bank of White river, descending, in Stone county, Missouri, containing 131.85 acres more or less. That by virtue and in pursuance of said agreement the said land was bid in by said Butler, at the price and sum of four hundred dollars, and the two hundred and fifty dollars by him paid to the sheriff of Stone county, and the receipt of this defendant was by said Butler turned into said sheriff, who thereupon executed to said Butler a deed in due form, conveying to him the legal title to said premises. But that at the time of such conveyance and ever since, the equitable title to an undivided one-half interest in and to said premises has been in this defendant, and the legal title thereto was for convenience placed in said Butler, who held the same in trust for this defendant under the express agreement that in case said premises could be sold at sufficient profit to himself and this defendant he would convey the same by good and sufficient deed to the purchaser thereof, or at the request of this defendant he would at any time convey to him the legal title to an undivided one-half interest in said premises; that this defendant has ever since and until the death of the said Butler, held possession of such premises and portions thereof as owner in common with said Butler; that he has held and is now holding such possession thereof as a tenant in common with the plaintiffs herein, who are heirs at law and co-partners of said E. N. Butler, deceased, and that he neither holds nor claims any possession of said premises adverse to nor to the exclusion of the plaintiffs herein. But that ever since the death of their ancestor the said plaintiffs have held and enjoyed all their rights and privileges and possession of said premises as such tenants

in common with this defendant. The defendant further states that during the life of said E. N. Butler this defendant in good faith made valuable and lasting improvements on said premises and paid out and expended large sums of money thereon without contribution of his co-tenant, the said E. N. Butler. This defendant further states that by virtue of said agreement and the trust relation thereunder he is now the equitable owner of an undivided one-half interest in and to the said above-described premises, and that the plaintiffs herein, as such, the heirs at law of said E. N. Butler, deceased, are the owners in common of the other half of said premises, and by virtue of such trust relation hold the legal title to defendant's undivided one-half thereof and that this defendant is entitled to have the legal title vested in him and to have and hold his said interest in said real estate in severalty.

"Wherefore, this defendant prays the court to decree that plaintiffs be divested of the legal title to the undivided one-half of said premises so owned in equity by this defendant, and that he be vested with the legal title thereto and that the said lands be partitioned between plaintiffs and defendant as their several interest shall appear, and if said land can not be partitioned in kind without great damage to the value thereof, the same be sold and the proceeds of such sale be divided between the plaintiffs and defendant as their interest shall appear, and for such other and further relief as to the court shall seem meet and just."

To this answer the plaintiffs filed a demurrer, assigning as reasons therefor the following:

"First. Because said answer does not set up any defense to plaintiffs' cause of action.

"Second. Because said answer shows on its face that defendant's supposed and alleged contract is void.

"Third. Because defendant's alleged equitable title is

stale, outlawed and barred by the statute of limitations."

This demurrer was sustained by the circuit court, and defendant refusing to plead further, judgment was entered for plaintiffs, and the defendant after the usual preliminaries has brought the case here for review.

The first ground of plaintiffs' demurrer is clearly without merit, unless it be that the facts set up in defendant's answer are not unavailing to him, by reason of the operation of the statutes invoked by them in their second or third ground of demurrer, for we must treat, without comment or discussion, as settled law in this State, the proposition that an equitable title well pleaded to an action of ejectment, based upon the legal or paper title, is a good defense. The third ground of demurrer, "that defendant's alleged equitable title is stale and barred by the statute of limitations," may also be disposed of by the simple suggestion that the sole purpose of the statute of limitations by its very language is to bar actions, and not to suppress or deny matters of defense, whether equitable or legal, and that, too, when, as in this case, the equitable defense is accompanied by a prayer for affirmative relief. The purpose of the statute is to quiet the assertion of old, stale and antiquated demands, but it has never been thought that its intended object was to go further and to deny a just and meritorious defense, whether the facts of that defense had their birth in the first, tenth or twentieth year before the call for the assertion of those facts was made necessary by some hostile claim, demand or proceeding. A ground of defense never becomes stale or barred by the statute of limitations, but grows in strength and force as the limitation period against a right of action widens. The statute of limitations may be used by a defendant as a shield for his protection or defense, but is never to be turned upon him as a sword with which to compass his defeat.

If the demurrer in this case, then, has been properly sustained, it is because the alleged parol contract set out in defendant's answer is void, under the statute of frauds, invoked under the second head of plaintiffs' demurrer.

Though under the operation of section 3416, Revised Statutes 1899, as contended by respondent, all declarations or creations of trusts or confidence of land are to be held as void unless manifested or proved by some writing, it must be borne in mind that by the next section (3417) trusts resulting by implication of law, on account of the acts of the parties, or their relations to each other, are excepted, and thus the rigor of the general rule, designed to prevent frauds, is relaxed, that a fraud, by its invocation, may be prevented.

The answer in this case, when properly considered and construed, does not, as contended by respondent, set up and plead that the plaintiffs' ancester, E. N. Butler, made with him a mere naked parol agreement to buy land in trust for defendant; or that he should convey to defendant land, or an interest therein, of which he was then, or was to become owner, a state of facts that clearly would place the agreement within the operation of section 3416 of the statute of frauds; but the agreement pleaded is that plaintiffs' ancestor was to bid in lands, then belonging to defendants and others, that was to be sold, through the sheriff, under an order of court for the partition and division of the proceeds thereof among its then respective claimants, and that the plaintiffs' ancestor should take and hold the legal title thereto under the sheriff's sale, but in trust for defendant, to the extent of an undivided one-half interest, which interest defendant was to and did pay for, by way of a receipt given, as for his part of the proceeds of the sale of the land, by the sheriff, and that each party was to hold, use and occupy the land as tenants in common.

The answer further states the fact to be that plaintiffs'

ancestor and defendant, after the contract aforesaid, and in obedience to the terms thereof, did occupy and use the land as tenants in common up to the time of his death, without conflict or question.

Respondents' counsel is clearly mistaken in his estimate and view of the matters pleaded. When the facts are, as disclosed by the answer filed herein, that the purchase price of the land or a part thereof, was paid by one party and the legal title thereto taken in the name of another, a trust by operation of law, arises from that fact, in favor of the party making the payment, and that, too, in the absence of an express agreement to that effect, between the parties to the transaction, and without regard to the question whether fraud, in the original conception or execution of the transaction was intended or charged. The trust arises from the facts and conditions themselves, and it has never been the purpose of the statute of frauds to suppress those facts because not evidenced by some written memoranda signed by the party to be charged. Resulting trusts, or those arising by operation of law, are not within the statute of frauds. If the parol agreement pleaded regarding the purchase of the land may be said to be within the statute of frauds, a resulting trust arose in favor of defendant, by the execution of the agreement, that operated to relieve the transaction from the influence of the statute. If the averments of defendant's answer are true, he is entitled to the relief sought, and the action of the circuit court in sustaining plaintiffs' demurrer thereto, and proceeding with the case to judgment against defendant was erroneous, and its judgment will be reversed, and the cause remanded, for trial upon the issues made by the answer. All concur.