# DANIEL ABRAMSKY v. PAULINE ABRAMSKY, Appellant.

### Division Two, July 14, 1914.

1. **APPEAL: Appointment of Receiver: Demurrer to Petition.** No appeal lies in the middle of a case, for instance, from a holding that a petition praying for the appointment of a receiver is good on demurrer, without final judgment; but an appeal from the overruling of a motion to revoke an order appointing a receiver, filed after a demurrer to the petition was overruled, asking that said order be revoked, for the reason, among others, that the petition did not state facts sufficient to constitute a cause of action, incidentally involves the sufficiency of the petition, since, if the petition states no cause of action, there was no basis for the court's action in appointing the receiver, and appellant's motion to vacate the order should have been sustained.

2. **RECEIVER: Fitness: Motion to Vacate: Supported by Affidavits.** Where there is no competent proof of the bias or partiality or other unfitness of the person appointed a receiver, the defendant's motion to vacate the order appointing him on the ground that he is prejudiced and hostile to defendant, should be overruled, although the proof heard on the motion was in the form of affidavits, and whether or not that was the correct method of proof where both sides resorted to it.

3. ———: **Appointment: Discretion of Court.** Sec. 2018, R. S. 1909, saying that a circuit court may appoint a receiver "whenever such appointment shall be deemed necessary,"

vests in the judge a discretion so broad as to be a matter of review on appeal only in case of palpable abuse thereof.

4. **HUSBAND AND WIFE: Suit by One Against Other.** The husband may sue the wife either at law or in equity, the same as if she were a *feme sole;* for instance, he may bring suit for the appointment of a receiver to take charge of and administer real estate conveyed to both as an estate by the entirety.

5. ————: **Receiver: Appointment: Estate by the Entirety.** Where lots were conveyed to a husband and wife, thereby creating an estate by the entirety, and a mortgage was placed thereon by them to secure the payment of money borrowed for the construction of a building thereon, and the wife has ousted the husband from all control of the property and has collected and appropriated the rents, and failed and refused to apply any of the rents to the payment of the debt, and proceedings for foreclosure of the mortgage have been begun, the circuit court has power, upon the husband's suit against the wife alone, to compel an accounting, and to appoint a receiver to take charge of the property and rent the same and collect the rents; and if there is nothing in the facts to indicate that the court has abused its sound discretion, a motion to revoke the order appointing the receiver will not be sustained on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

AFFIRMED.

*George B. Webtser* and *William J. Grodski* for appellant.

(1) The second amended petition is wholly without equity. (a) It showed that the plaintiff had no right to the exclusive possession of the premises, or the exclusive use of the rents. 1 Tiffany, Real Prop., p. 381; 2 Jones, Real Prop., sec. 1791; 1 Washburn, Real Prop. (6 Ed.), sec. 915; 1 Pingree, Real Prop., p. 720; Hilles v. Fisher, 144 N. Y. 306; Branch v. Polk, 61 Ark. 393; Buttlar v. Rosenblath, 42 N. J. Eq. 651; Shinn v. Shinn, 42 Kan. 1; Corinth v. Emery, 63 Vt. 505; Chandler v. Cheney, 37 Ind. 391; McCurdy v. Cummings, 64 Pa. St. 41. (b) It showed that the

Abramsky v. Abramsky.

plaintiff had adequate remedy by action at law. O'Day
v. Meadows, 194 Mo. 588; Grimes v. Reynolds, 184 Mo.
679; Rice-Stix & Co. v. Sally, 176 Mo. 107; Bank v.
Hageluken, 165 Mo. 443; Montgomery v. Montgomery,
142 Mo. App. 481; Hurt v. Cook, 151 Mo. 416; Winn
v. Riley, 151 Mo. 61; High, Receivers (4 Ed.), sec.
741.   (c) It failed to state a case for accounting in
equity.   Sommerville v. Helman, 210 Mo. 567; Vogel-
sang v. Wood Fibre P. Co., 147 Mo. App. 578; Attilla
M. Co. v. Winchester, 102 Ala. 184; Badger v. Mc-
Namara, 123 Mass. 117; McCulla v. Beadleston, 17 R.
I. 20; Lathan v. Harby, 50 S. C. 428; Padwick v. Hurst,
23 L. J. Ch. 657; Phillips v. Phillips, 9 Hare, 471;
3 Daniel, Chan. Pl. & Pr. 1929, n. 1.    (d) It stated
no case for discovery in equity, that ground of juris-
diction having been disposed of by our statutes on de-
positions.   Tyson v. Farm & Home Assn., 156 Mo.
594; Vogelsang v. Wood Fibre P. Co., 147 Mo. App.
578.   (e) It stated no case in equity on the theory of
a fiduciary relation between the parties, since in a case
where the only substantial injury is financial loss, there
is no ground for the interference of equity and the
consequent denial of trial by jury. Van Raalte v. Ep-
stein, 202 Mo. 173; Baum v. Stephenson, 133 Mo. App.
187; Lee v. Conran, 213 Mo. 404; R. S. Mo., 1909, sec.
1968; State v. Aloe, 152 Mo. 479; High, Receivers (4
Ed.), sec. 603; 1 Pomeroy, Eq. Jr. (3 Ed.), sec. 178.
(2)   The second amended petition states no ground
for the appointment of a receiver. Vaughn v. Vincent,
88 N. C. 116; Heinze v. Kleinschmidt, 25 Mont. 89;
Cassety v. Capps, 3 Tenn. Ch. 524; Lemaster v. El-
lott, 53 Neb. 424; Ketcham v. Provost, 132 N. Y. S.
120; High, Receivers (4 Ed.), secs. 554, 555; Alder-
son, Receivers, pp. 568, 569.   On the concrete case the
appointment of a receiver was erroneous.   McClure
v. McGee, 32 Ky. L. R. 1318; Niehaus v. Niehaus, 125
N. Y. S. 1071.   The sole object of this proceeding is
the appointment of a receiver, which is only granted

as ancillary to some other relief in circumstances of an equitable nature. An appointment should not be made where it is the sole purpose of the litigation and no independent ground for equitable relief is shown. State ex rel. v. Ross, 122 Mo. 435; In re French Bank, 53 Cal. 495; Nabon v. Ongley El. Co., 156 N. Y. 196; Slover v. Coal Creek Co., 113 Tenn. 421; Baltimore B. House v. St. Clair, 58 W. Va. 565; Harwell v. Potts, 80 Ala. 70; Zuber v. Micmac G. M. Co., 180 Fed. 625.

*David Goldsmith* for respondent.

(1) The amended petition states a cause of action of equitable cognizance, because the action is one between husband and wife. 10 Ency. Pl. & P., p. 195, subject "Husband and Wife;" Porter v. Bank, 19 Vt. 410; Woodward v. Woodward, 148 Mo. 241; Manning v. Manning, 79 N. C. 293; Lane v. Lane, 76 Me. 527; Simmons v. Thomas, 43 Miss. 31. (2) The plaintiff is entitled to an accounting in equity from the defendant without regard to their marital relationship. Schulz v. Ziegler, 83 Atl. 968; Aubry v. Schneider, 69 N. J. Eq. 633; Maekotter v. Maekotter, 131 N. Y. Supp. 815; Bates v. Hamilton, 144 Mo. 14; Leach v. Beattie, 33 Vt. 195; Henson v. Moore, 105 Ill. 403; Clayton v. McKay, 143 Pa. St. 225; Trapnall v. Hill, 31 Ark. 345; Neil v. Morris, 73 Ga. 406; Fire Proofing Co. v. St. Louis, etc., Co., 177 Mo. 559; Beck v. Kallmeyer, 42 Mo. App. 571. (3) A proper case was presented for the appointment of a receiver, and consequently for the interposition of a court of equity, and this is true irrespective of the conflicting claims of the parties to the rents. Sanford v. Ballard, 33 Beav. 401; Goldberg v. Richards, 26 N. Y. Supp. 336; Ames v. Ames, 148 Ill. 340; Weise v. Welsh, 30 N. J. Eq. 434; 34 Cyc. 64; High on Receivers (4 Ed.), sec. 604, p. 756; Woodward v. Woodward, 148 Mo. 241; Manning v. Manning, 79 N. C. 293; Lane v. Lane, 76 Mo. 527; Revised Stat-

utes 1909, sec. 2018; Stark v. Grimes, 88 Mo. App. 413; Bird v. Lamphear, 36 N. Y. Supp. 1069; Drury v. Roberts, 2 Md. Ch. 159; March v. Smith, etc., Co., 47 N. J. Eq. 193; Trust Co. v. Mintzer, 65 Minn. 132; Darusmont v. Patton, 72 Tenn. 597; Schwabacher v. Kane, 13 Mo. App. 131; Eddy v. Baldwin, 32 Mo. 369; Mitchell v. Bradstreet Co., 116 Mo. 240; Pelham v. Grocery Co., 156 Ala. 509; Federal Bankrupt Law, sec. 1, subd. 15; In re Schoesmith, 135 Fed. 684.  (4) The respondent is entitled to the whole of the rents derived from the property in question during the joint lives of himself and his wife.  Hall v. Stephens, 65 Mo. 670; Bank v. Fry, 168 Mo. 508; Frost v. Frost, 200 Mo. 474; Craig v. Bradley, 153 Mo. App. 591; Dickey v. Converse, 117 Mich. 453; Bynum v. Wicker, 141 N. C. 96; Revised Statutes 1909, sec. 2878.

FARIS, J.—This is an appeal from an order of the circuit court of the city of St. Louis refusing to revoke and vacate an order for the appointment of a receiver.  The only questions in issue are therefore whether the facts set out in the petition of plaintiff were such as to legally justify the action of the court in appointing a receiver.  The facts of the case and the law to be applied to them necessarily involve the goodness, in a way, of the second amended petition of plaintiff.

This petition was unnecessarily voluminous, covering, as it does, some fourteen pages of the printed record.  We do not think it necessary to cumber the books with the body of it, and to this end have adopted as a fair analysis the statement of its contents as they are set forth in respondent's statement of the facts, with some emendations of our own.  This petition shows in fair substance the following facts set out therein:

The plaintiff and defendant are husband and wife. In December, 1904, the plaintiff purchased a lot of

land in the city of St. Louis, and caused the same to be conveyed to himself and the defendant, so that an estate by the entirety was created. Immediately after this purchase, namely, in 1905, the plaintiff and defendant caused to be erected on this lot an apartment building. The cost of the lot was $4125, and it was paid wholly by the plaintiff; but, in order to pay for the cost of the apartment building, which amounted to $17,500, the plaintiff and the defendant borrowed that amount from one Newberry, and executed their joint notes therefor and for the interest thereon, and executed a deed of trust on the property securing the payment of said notes. The plaintiff paid $3500 on the principal of this indebtedness, and paid the joint semi-annual interest notes five years, the same consisting of ten semi-annual interest notes, aggregating $3915.

In 1909, when the balance of the principal of this indebtedness, namely, $14,000, matured, the plaintiff and defendant borrowed that amount from one Spratte on a new deed of trust on the property, giving therefor their three joint principal notes and their six joint semi-annual interest notes. The plaintiff paid $1500 on the three principal notes and paid all of the six joint interest notes, the latter amounting to $2227.60.

This left an unpaid indebtedness of $12,500, which was borrowed by the plaintiff and defendant from one Clara E. Hatifield, in April, 1912. For this new loan the plaintiff and defendant gave their joint principal note for $12,500, payable three years after date, and their joint six semi-annual interest notes for $312.50 each. The defendant paid one of these interest notes.

In addition to the payments already mentioned the plaintiff paid all general and special taxes assessed against the property for the years 1905, 1906, 1907, 1908, 1909, 1910 and 1911, and also the costs of the fire and tornado insurance for those years, all of which payments were required to be made by the aforesaid deeds of trust.

The apartment building hereinbefore referred to contains four apartments, one of which was occupied by the plaintiff and defendant, and the other three of which were rented to tenants, two producing fifty dollars each per month and one producing seventy dollars per month. The defendant collected all the rents accruing from these apartments prior to May 1, 1912. Immediately prior to that date, the plaintiff notified the several tenants that he objected to any further payments of rent to the defendant. Notwithstanding this notification the defendant continued to collect the rents from the tenants to the time of the filing of the amended petition in May, 1913.

In December, 1912, one of the apartments was vacated and the plaintiff employed a real estate agent to rent it. The defendant, however, refused to permit the agent to rent the apartment and prevented him from doing so, and also "prevented the plaintiff from exercising any control or dominion whatsoever over said apartment, and arrogated to herself, assumed and exercised, to the entire exclusion of the plaintiff, all dominion and control over said apartment," and furthermore re-rented the apartment for $50 and has continued collecting the rent therefrom.

The plaintiff also requested the defendant to vacate the apartment occupied by them, but this she has refused to do.

The defendant has never paid to the plaintiff, or accounted to him for, any of the rents collected by her, as aforesaid, but on the contrary has refused so to do. At the time of the filing of the amended petition, with which we are here alone concerned, there was overdue and unpaid one of the interest notes given by the plaintiff and defendant to said Clara E. Hatfield, and secured by the last mentioned deed of trust, and the trustee under the power therein was proceeding to sell the property hereinbefore mentioned under the provisions of the deed of trust.

"The defendant," the petition further avers, "has secreted all of her property, other than her interest in the aforesaid parcel of land, so that the same cannot be reached by process of law." The defendant in November, 1912, instituted an action for divorce against the plaintiff and that action was at the time of the filing of the amended petition still pending and undetermined.

For relief plaintiff in his petition prayed the court for an accounting of the amounts paid by plaintiff; of the rents collected by defendant and of the amount for which she was alleged to be indebted to the plaintiff on account of her collection of rents and for jugdment therefor, and that defendant be restrained from interfering with the plaintiff's rights of dominion, control and possession of the said premises and that a receiver, pending the action, be appointed by the court to take charge of the property and rent the same and collect the rents therefrom, and for all further proper relief.

To this petition, on May 23, 1913, defendant filed a demurrer, in substance for that the petition did not state facts sufficient to constitute a cause of action against defendant, nor any facts entitling plaintiff to the relief prayed for or any relief, and that the same stated no equities in favor of plaintiff. This demurrer was overruled by the court on June 16, 1913. Prior, however, to the overruling of this demurrer and on June 4th preceding, the court, upon motion of plaintiff, appointed one Joseph M. Levi receiver in accordance with the prayer of plaintiff's petition. Two days thereafter and on the 6th of June, 1913, defendant filed her motion to revoke the order theretofore made by it appointing said Levi receiver, and for reasons for said motion to revoke averred in substance that said Levi was not an impartial person between plaintiff and defendant; that he was an intimate business and social acquaintance of plaintiff; a witness for him

in other litigations and that he was hostile to and prejudiced against defendant, and further for that the petition did not state facts constituting a cause of action or any sufficient facts permitting the court to appoint a receiver. This motion being overruled, defendant thereupon took and perfected this appeal.

The only question involved herein goes to the correctness of the court's action in appointing a receiver.

<div style="margin-left:2em">

**Receiver:
Demurrer to
Petition.**

</div>

While the appeal involves incidentally the goodness on demurrer of the plaintiff's petition, demurrability is but adventitious, since no appeal lies in the middle of a case from the holding good of a petition on demurrer without final judgment. Of course if the petition states no cause of action there is no basis for the court's action in appointing a receiver, and appellant's motion to vacate the order should have been sustained.

So far as the question raised by appellant below of the fitness of Levi to act as receiver is concerned, we note that this was heard by the trial court on affidavits and ruled adversely to appellant's contention. His finding was right on this point. Nor need we consider whether affidavits were the proper method of offering proof, since both sides resorted to it, nor do they here question it. So there was either proof enough of the right action of the court below or there was no competent proof whatever of any bias or partiality.

The power of a court of general jurisdiction, as is a circuit court, to appoint receivers, is vested by our statute (Section 2018, R. S. 1909), in the sound discretion of such courts. For the statute says:

"The court, or any judge thereof in vacation, shall have power to appoint a receiver, whenever such appointment shall be deemed necessary, whose duty it shall be . . . to keep and preserve all property and protect any business or a business interest intrusted to him pending any legal or equitable proceeding concerning the same."

If the statutory words "whenever such appointment shall be deemed necessary" do not vest in a circuit judge a discretion (Stark v. Grimes, 88 Mo. App. 409; Cantwell v. Lead Co., 199 Mo. 1) in such behalf so broad as only to be a matter of review by us in case of palpable abuse, we fail to read it correctly. The statute so reading, we need not concern us to determine whether the power to appoint a receiver be not also given to a court of general chancery jurisdiction by reason of the *lex non scripta* of the equity procedure.

The plaintiff and the defendant, though spouses when this action was begun, had the right, not to say the privilege, of suing and maintaining suits in equity against each other. [Woodward v. Woodward, 148 Mo. 241; Porter v. Bank, 19 Vt. 410; Lane v. Lane, 76 Me. 1. c. 527; Simmons v. Thomas, 43 Miss. 31.] At common law a married woman could not alone sue any one unless her husband were civilly dead, or an alien always residing abroad; *a fortiori,* she could not sue her husband. In equity, however, from early times at least, she could sue her husband, though such action, till enabling statutes were passed, was maintained by her only through a next friend. [10 Ency. Pl. & Pr. 195; Simmons v. Thomas, supra.] Our statute (Sec. 8304, R. S. 1909) long since changed the old rule so that she may now sue and be sued just as if she were *une femme sole.* So it follows that if in equity as to her separate estate when her husband's claims thereto were adverse and inimical to her own, she could always sue him by a next friend, and if the statute supra has emancipated her from the legal thraldom of a next friend, she may now sue her husband. Conversely, it follows her husband may now sue her, since as we have seen the disabilities forbidding such suits were practically all at common law, and in equity (the unity theory of the common law ex-

*Husband and Wife: Suit by One Against Other.*

cepted) such as affected the wife only. The duality of the spouses so far as affected their reciprocal rights to sue each other in equity, was long ago settled. [See cases and authorities, supra.]

Since the husband may sue his wife either in law or in equity; since the matter of the appointment of a receiver rests in the sound discretion of the circuit court, and since there is no doubt that the condition of the property here in jeopardy presents a strong case for the custody of some person not a partisan of either side, we think the petition was sufficient; that the order of the court was proper and ought to be upheld.

We do not pass on the question of whether the plaintiff and the defendant are entitled to the joint custody and control of the property, or whether the husband alone is entitled to such control and to the rents and profits of the property in the lifetime of the spouses and while the marriage relation still subsists. That question is not now in the case and not now raised by the appellant upon this appeal. These are certainly not matters about which appellant may with right complain; for upon some of the views she would be left with no present rights, except mayhap, and on this we do not now pass however, such as may be bottomed on the fact that she paid one small note on the indebtedness hanging over this property.

This is a most flagrant example of a useless and dilatory appeal, calculated besides to work—as it may have worked—great loss to both parties. Let the judgment of the circuit court be affirmed.

*Walker, P. J.,* and *Brown, J.,* concur.